[No. 1256, August 29, 1910.]

# THE SACRAMENTO VALLEY IRRIGATION COMPANY, Plaintiff in Error, v. OLIVER M. LEE, et al, Defendants in Error.

## SYLLABUS (BY THE COURT.)

1. Where the plaintiff in error files a transcript of the record, but not, as required by Sec. 20, Chapter 57, of the Laws of 1907, ten days before the return day of the writ, and also files assignments of error, but not before the return day of such writ, a motion to dismiss the writ of error, on those grounds, not made until after such filing, will be denied. Armijo v. Abeytia, 5 N. M. 533.

2. Sec. 1, Chapter 120 of the Laws of 1909, amending Sec. 20, Chapter 57, of the Laws of 1907, making the return day of a writ of error 130 days from date of the writ instead of 90 days as formerly, deals with procedure only, and prima facie, applies to all actions—those which have accrued or are pending and future actions.

3. A decree granting an injunction and appointing a receiver for an insolvent corporation under the provisions of Sections 72 and 73, of Chapter 79 of the Laws of 1907, is a final decree within the terms of the Organic Act relating to appeals and writs of error.

4. The complaint in a proceeding under the provisions of Sec. 72, Chapter 79 of the Laws of 1907, which merely alleges: "That the said corporation is insolvent and has suspended its ordinary business for want of funds to carry on the same," does not sufficiently state the facts and circumstances of such insolvency to make a case within the purview of the statute. The facts and circumstances must be set out in the complaint from which the insolvency of the company shall appear.

Irrigation Co. v. Lee et al.

Error to the District Court for Otero County before EDWARD A. MANN and JOHN R. McFIE, Associate Justices. Reversed and remanded.

A. B. RENEHAN and GEORGE W. PRICHARD for Plaintiff in Error.

The judgment granting an injunction and appointing a receiver, with or without the subsequent order of sale, was a final and therefore an appealable judgment. Insurance Co. v. Comstock, 16 Wall. 258; First National Bank v. Shedd, 121 U. S. 74; Railroad Co. v. Bradley, 7 Wall. 575; Railroad Co. v. Express Co., 108 U. S. 29; Thompson v. Dean, 7 Wall. 345; Railroad Co. v. Bradley, 7 Wall. 575; Bank v. Sheffey, 140 U. S. 445, L. ed. 496; Forgey v. Conrad, 6 How. 204.

A motion made to set aside a judgment suspends the operation thereof so that it does not take final effect for the purpose of a writ of error until the motion is disposed of. Menthes v. Brown, 94 U. S. 717.

Insolvency is a fundamental jurisdictional fact to be found. Laws of 1905, ch. 79, art. 7; Atlantic Trust Co. v. Storage Co., 49 N. J. Eq. 405; Construction Co. v. Schack, 13 Stew. Eq. 222, 226; Brundred v. Patterson Machine Co., 3 Gr. Ch. 294, 305; Cook v. Pottery Co., 53 N. J. Eq. 29.

Insolvency alone is not enough but the absence of probability of resumption must appear if a corporation has suspended its ordinary business before the court can issue an injunction or appoint a receiver. Cook v. Pottery Co., 53 N. J. Eq. 29; Atlantic Trust Co. v. Storage Co., 49 N. J. Eq. 402; Electric Corporation v. Light Co., 40 Atl., N. J. 441; Trust Co. v. Trustees, 60 Atl. 940.

The complaint did not state facts sufficient to constitute a cause of action under the statute, and therefore to invest a court with jurisdiction. Atlantic Trust Co. v. Storage Co., 49 N. J. Eq. 402; Cook v. Pottery Co., 53 N. J. Eq. 29.

H. M. DOUGHERTY for Defendant in Error.

Irrigation Co. v. Lee et al.

An assignment of error must be made and filed within the time provided by the statute, and the filing of an assignment of errors after such time, but without leave of the court is a nullity. Laws 1907, ch. 57, sec. 21; Elliot on Appellate Procedure, secs. 303, 304, and cases cited; Meyers v. Ty., Wash., 20 Pac. 685; Malone v. Hedford, Tex., 1895, 31 S. W. 685; McLuen v. Dist. Tp. of Bear Grove, 83 Iowa 742, 48 N. W. 76; Wood v. Woods, 82 S. W. 878; Roush v. Darmstaetter, Mich., 71 N. W. 867; Ind. Dist. of Crocker v. Ind. Dist. of Ankenig, 48 Iowa 206; U. S. v. Goodridge, 54 Fed. 21; Flaherty v. U. P. Ry., 56 Fed. 908; Crabtree v. McCurtain, 61 Fed. 808; Smythe v. Boswell, Ind., 20 N. E. 263; Lamy v. Lamy, 4 N. M. 291; Deemer v. Faulkenburg, 4 N. M. 149; Martin v. Terry, 6 N. M. 491.

A bill of exceptions not served, signed and filed within the time prescribed by section 2198 of the Compiled Laws of 1884, and Rule 24 of the Supreme Court, will on motion on appeal be stricken from the files unless the time is extended by the court or judge. Evans Bros. v. Baggs, 4 N. M. 67; Jennison v. Boss, 4 N. M. 71; Grigsby v. Purcell, 99 U. S. 505; Killian v. Clark, 111 U. S. 784; Fayocle v. Railroad Co., 124 U. S. 523; Tornado v. Atlantic Mutual Co., 109 U. S. 117; Northern Pacific v. Commercial Bank, 123 U. S. 727; State v. Demerest, 110 U. S. 400; Norton v. Commonwealth, 129 U. S. 506; Caillot v. Deetken, 113 U. S. 215.

The judgment in this case is not final and therefore not appealable. Laws of 1905, ch. 79, secs. 72, 76; Humiston v. Stainthorp, 2 Wallace 107; Barnard v. Gibson, 7 Howard, 649; Grant v. Phoenix Insurance Co., 106 U. S. 429; Bostwick v. Brinkerhoff, 106 U. S. 3; Green v. Fisk, 103 U. S. 519; St. L. & Y. R. R. Co. v. Southern Express Co., 108 U. S. 29; Dainese v. Kendall, 119 U. S. 53; California National Bank v. Stateler, 171 U. S. 448; Covington v. Covington Nat'l Bank, 185 U. S. 271; Butterfield v. Usher, 91 U. S. 246; American Construction Co. v. Jacksonville Railway Co., 148 U. S. 379; Forgay, et al. v. Conrad, 6 Howard, 204; Keystone Iron Co. v. Martin, 132 U. S.

91; Hentig v. Page, 102 U. S. 219; Lodge v. Twell, 135 U. S. 232; Sandusky v. National Bank, 23 Wallace 288; McCollum v. Eager, 2 Howard 61; Hiriat v. Ballon, 9 Peters 166; Moses v. The Mayor, 15 Wallace 387; Jung v. Meyers, 11 N. M. 378.

The statement of facts appears in the opinion.

### OPINION OF THE COURT.

WRIGHT, J.—The defendants in error herein submit two questions for dismissal of the writ of error which must be first considered.

1.   The appeal was not perfected within the time required by law.

(a)   Because no assignment of error was filed within the time required by law.

(b)   Because the transcript of the record was not filed within the time required by law.

Section 21 of Chapter 57 of the Laws of 1907, requires that the plaintiff in error shall file in the office of the clerk of the Supreme Court at least ten days before the return day of any writ of error a complete transcript of the record and shall assign error and serve such a copy of such assignment of error on the opposite party, and file a copy with the clerk of the Supreme Court on or before the return day to which the writ is returnable, which said assignment of error shall be written on a separate paper and filed in the cause, and shall also be copied in the brief of the plaintiff in error. In default of such assignment of error in filing the same the appeal or writ of error may be dismissed and the judgment affirmed unless good cause for failure be shown.

No attempt was made by plaintiff in error in this case to comply with this requirement of the statute within the time provided, nor was there any excuse made by him for not so doing. This writ was returnable under the law on the 21st day of March, A. D., 1909.

On March 18, 1909, six days after the time required for filing transcript, plaintiff in error filed its transcript. On April 12, 1909, defendants in error filed their motion to dismiss the writ of error for failure to file transcript and

assignments of error within the time provided by law. However, on March 18, 1909, the legislature passed an act enlarging the return date on appeals and writs of error from ninety to one hundred and thirty days thereby extending the return day of the writ of error herein forty days from March 21, 1909, and beyond the 12th of April, 1909, the same being the date on which the defendants in error filed their first motion to dismiss. "Where a new statute deals with procedure only, *prima facie,* it applies to all actions—those which have accrued or are pending and future actions." Sutherland's Statutory Construction, Sec. 674, and cases cited.

Plaintiff in error filed its assignments of error on July 14th, 1909, and defendants in error renewed their motion to dismiss on August 2, 1909.

Under the foregoing statements of facts it appears that the defendant in error permitted the plaintiff in error to cure its default both as to the transcripts and assignments of error before taking any action and under the decision of this court, in Armijo v. Abeytia, 5 N. M. 533, the motion to dismiss for failure to file transcripts and assignments of error within the time fixed by law must be overruled.

II. The second ground for dismissal is that the judgment and decree granting the injunction and appointing a receiver in this case is not final and therefore not appealable.

Under the Organic Act appeals from the District Court to the Supreme Court are limited to final judgments and decrees. A determination of what is a final judgment or decree is often a close question. The leading case in the United States courts is Fogary et al., v. Conrad, 6 Howard 200:

"And when the decree decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes

an appeal to this court, although so much of the bill is retained in the Circuit Court as is necessary for the purpose of adjusting by a further decree the accounts between the parties pursuant to the decree passed."

The court recognizes the doctrine laid down in this case and approves it in Thompson v. Dean, 7 Wall. 345; Railroad Co. v. Bradley, 7 Wall. 575, and in Lewisbury Bank v. Sheffey, 140 U. S. 445.

In the case of Keystone Manganese & Iron Co. v. Martin, 132 U. S., Mr. Justice Blatchford collects and discusses the various decisions upon this question as to what is a final decree. In the case of Lewisbury Bank v. Sheffey, cited *supra*, the court, in referring to Keystone Manganese & Iron Co. v. Martin says:

"It is there shown that where the entire subject matter of a suit is disposed of by a decree, the very fact that accounts remain to be adjusted and the bill is retained for that purpose does not deprive the adjudication of its character as a final and appealable decree."

The Supreme Court of Michigan considered this question of what is a final decree in the case of Barry v. Briggs, 22 Mich. 201. (Syllabus).

"Appeal in chancery: Interlocutory order or decree. The effect produced by adjudication in a chancery suit upon the rights and interests of the parties is a better test of its character—whether it be a merely interlocutory order or a decree—than the stage of the cause at which it is made; and whenever a legal right is divested by an order of a court of chancery, an appeal lies to determine whether it is legal or unauthorized."

This is the leading case in Michigan and is universally followed by the courts of that state. In the case of Ogden City v. Bear Lake & River Water Works & Irrigation Co., 16 Utah 440, 52 Pac. 697, the Supreme Court of Utah went into this question very fully and, while the facts in that case are not identical with the facts of the case at bar in that the receivership in the Utah case was ancillary to the main case, while in the case at bar the proceeding for the appointment of a receiver is statutory

Irrigation Co. v. Lee et al.

and the sole and only proceeding before the court; the reasoning of the court therein applies to the case at bar.

It appears, therefore, that there are two distinct lines of cases upon the question of what constitutes a final decree. The United States cases, which of course are the controlling authority in this jurisdiction, hold that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals unless all issues of law and fact necessary to be determined were determined and the case completely disposed of so far as the court had power to dispose of it. United States cases cited *supra*. See also Jung v. Meyer, 11 N. M. 378.

This rule, however, has been qualified to the extent that the retention of the case by the court after decree for the purpose of distribution of funds, etc., even though other and incidental decrees relating to the subject matter of the original decree and involving some of the same issues may be necessary in order to finally dispose of the case, (Keystone Manganese and Iron Co. v. Martin; Lewisbury Bank v. Sheffey, cited *supra*,) will not destroy its character as a final decree from which an appeal may be taken.

On the other hand the rule laid down by the Michigan cases looks rather to the effect produced by the adjudication and decree upon the rights and interests of the parties than the stage of the cause at which the decree is made.

In the case at bar the application for an injunction and the appointment of a receiver is an original statutory proceeding. The granting of the injunction and the appointment of the receiver depends solely upon the finding of the court, upon the jurisdictional question of the insolvency of the corporation, coupled with the finding as to the ability of said corporation and its officials to resume its business in a short time with safety to the public, its stockholders and creditors. The main jurisdictional question is that of insolvency. The court having found these facts may thereafter enjoin further exercise of corporate powers and franchises by the corporation and appoint a receiver to take possession, manage, control and dispose of all of the property and assets of such corporation. Secs.

72, 73, Chapter 79, Laws of 1905. The court having found the corporation insolvent and unable to resume its business, may thereafter, 'in case of necessity, order a reference to determine the indebtedness of the incorporation, direct a sale by the receiver of any and all of the properties of the corporation and pay off and discharge all claims against the corporation. Secs. 78, 92, Chapter 79, Laws of 1905. When the debts have been paid or provided for, there remain two methods of finally disposing of the affairs of the corporation, namely: the court, upon showing made by the officers and stockholders that additional funds have been raised to rehabilitate the corporation, may direct the receiver to reconvey to the corporation all of its property, franchises, rights and effects, and thereafter the corporation may resume control of and enjoy the same as fully as if the receiver had never been appointed. On the other hand, in case of no such reconveyance, the court may in its discretion dissolve the corporation. Sec. 76, Chapter 79, Laws of 1905.

The sections of the statute above referred to place extraordinary power in the hands of the court. The finding of insolvency, together with the finding that the corporation cannot resume its business within a short time with safety to the public, its stockholders and creditors, is a final determination of such facts. It is upon such finding by the court that the right to the injunction and receivership is predicated. No further action of the court is contemplated with respect thereto. Errors of the trial court, if any, in the granting of such injunction and the appointment of a receiver and in the findings necessarily precedent thereto can only be reviewed on appeal or writ of error. In the case at bar, if the plaintiff in error were compelled to wait until after there had been either a decree of reconveyance or a dissolution of the corporation before an appeal would lie the order of receivership would have spent its force and the errors, if any, in the appointment of the receiver and the injury resulting therefrom would be so far in the past as to be beyond the power of the appellate court to correct. In other words, the corporation would be helpless, its business destroyed, its properties and

franchises gone beyond the hope of recovery. The order granting the injunction and appointing the receiver was final as to such matters. It finally disposed of the question of insolvency which was and is the main jurisdictional fact; and further, finally determined the rights of the corporation to the possession and control of its properties and franchises under the finding of insolvency. It divested them of all their rights and properties, and ousted its officers, all as a result of the finding in the original decree upon the jurisdictional fact of insolvency.

Our corporation act is copied from the New Jersey Act. Upon this question of the finality of the decree granting an injunction and appointing a receiver under the statutory proceeding authorized by such acts, Stevenson, V. C., in the case of Pierce v. Old Dominion Copper Mining and Smelting Co., 58 Atlantic (New Jersey Chancery) page 319, gives a complete review and history of the New Jersey corporation act. In passing upon this question the court uses the following language:

"The order appointing a receiver is not necessarily a part of the final decree. The final decree is the decree for an injunction, this most effective and fatal decree, which virtually destroys the corporation, like a judgment of ouster in a quo warranto case, and prevents the corporation from perpetrating fraud. The order appointing a receiver may be made in connection with and as a part of the final decree, or may be made at any time after the final decree, as the statute expressly provides. The order appointing a receiver may be embodied in the final decree, or may constitute the subject-matter of a separate subsequent order. Considered by itself, the order appointing a receiver is properly to be classified among interlocutory orders. It has never been intimated, so far as I am aware, that the decree of the court of chancery, made upon the summary hearing prescribed by the statute, either dismissing the petitioner's petition or the complainant's bill or ordering that the statutory injunction be issued, disabling the corporation from the exercise of its franchises, is not a final decree."

In the case at bar the order granting the injunction

and appointing a receiver is one order so that they must be considered together in discussing this case. In the case of Rawnsley v. Trenton Mutual Life Ins. Co., 9 N. J. Eq. 95, it is held that:

"The exercise of the powers conferred by the statute upon the court of chancery with respect to the issuing of an injunction against an insolvent corporation was 'a summary proceeding, and in its nature and effect a final hearing upon' the merits of the bill of complaint."

Pierce v. Old Dominion Copper Mining and Smelting Co., 58 Atlantic, page 323:

"On the return day of the order to show cause the statute prescribes a 'summary' hearing of the 'affidavits, proofs, and allegations which may be offered on behalf of the parties!' Under our modern practice in the vice chancellors' courts this summary hearing often is, and always will be where justice so requires, a complete trial of the issues presented by the pleadings. The defendant corporation may present an answer, or only affidavits, or may, without answer or affidavits, contest the charges contained in the complainant's petition or bill. Under the old practice, where the proofs in equitable actions were in the form of depositions the very sharp distinction between an interlocutory motion for a receiver in an ordinary equity suit and this summary final hearing in our statutory action would naturally not be so perceptible as it is at the present time. If, upon the summary hearing (the witnesses on both sides, for instance, being sworn in open court, and the proceeding being indistinguishable from an ordinary final hearing), the decree goes that the corporation be enjoined from exercising its franchises, the proceeding as a suit *inter partes* is ended, and what follows is the administration of a trust under the direction of the court. This trust arises from the situation created by an injunction, which disables the corporation from exercising its franchises and taking care of its property.

"After the summary final hearing no process of subpoena is issued, or ought to be issued. The entire function of process has been performed by service of the statutory notice under the direction of the court. Whether the cor-

poration has submitted an answer upon the summary hearing, or only offered affidavits, or has, without answer or affidavits, appeared and contested the complainant's case, or has made default, no other subsequent final hearing can be had. Long before any subsequent final hearing could be brought on under the practice of the court, the entire assets of the insolvent corporation might be converted into cash and distributed, and under a comparatively recent statute the corporation itself might be dissolved by an order of the court made in the cause or proceeding. The opportunity for the defendant corporation to file an answer and to litigate the whole cause of action set forth in the bill or petition is on the return day of the order to show cause, at the time appointed for the summary final hearing. Both parties on this hearing under our settled practice are allowed an ample opportunity to present proofs."

The effect of such a decree clearly brings it within the rule laid down in the Michigan and Utah cases cited *supra*.

The question now resolves itself into a determination of whether such a decree comes within the rule laid down by the United States courts as to what constitutes a final decree. It would appear that the decree granting the injunction and appointing the receiver was a final determination of all the issues of law and fact involved in this proceeding. As a result of such decree the corporation is clearly out of the case. The assets of the corporation become a trust fund for its creditors. It is true that the court retains jurisdiction and control of the case and undoubtedly will be called upon to make further decrees and orders in the case, but, it cannot be contended that any of such subsequent orders or decrees will involve any of the issues settled by the original decree.

The corporation as a legal entity has no more interest in the proceedings, other than the general interest and right to see that its assets are disposed of to the best advantage, and if unable to raise additional funds and be rehabilitated, its rights are undoubtedly finally determined by the original decree granting the injunction and appoint-

ing the receiver. Nothing remains to be done by the court except certain ministerial acts looking to the disposition and distribution of the assets of the corporation. Such being the case we think that the decree granting the injunction and appointing the receiver is clearly within the rule laid down in the United States cases and as such subject to appeal or writ of error.

It appears from the record in this case that the original order was entered on September 17, 1908, and that the motion to set aside the said order and decree was decided by the court in an order entered the 27th day of November, 1908, which said order adjudged and decreed that the receivership and injunction should be continued and that the receiver should proceed to discharge his duties. On the same day a further order was entered directing the receiver to sell and dispose of all of the property of the plaintiff in error. For the purposes of this hearing and appeal the two orders were considered as one and it was from these orders that the appeal was taken. It is suggested that these orders were clearly interlocutory and not appealable. However, it is undoubtedly the rule that the pendency of a motion to set aside the decree when filed in due time clearly suspends the operation of the original decree so that it does not take final effect for purposes of writ of error until such motion is disposed of. Memphis v. Brown, 94 U. S. 717.

We must therefore hold that the order granting the injunction and appointing the receiver herein is a final decree within the meaning of the Organic Act relating to appeal and writ of error.

This brings us to a consideration of the merits of the case. The plaintiff in error assigned seven grounds of error, all of which are to the same effect, namely that the complaint does not sufficiently state the facts and circumstances of insolvency to make a case within the purview of the statute. Objection to the sufficiency of the complaint was taken by motion to vacate and set aside the original decree. The complaint after setting out the purely formal matters, including the allegation of indebtedness to the plaintiff below, alleges, "that the said corporation is in-

solvent and has suspended its ordinary business for want of funds to carry on the same."

Section 72, Chapter 79, Laws of 1905, under which this proceeding is brought is in part as follows:

"Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, any creditor or stockholder may by complaint setting forth the facts and circumstances of the case, apply to the District Court for a writ of injunction and the appointment of a receiver or receivers or trustees, and the court being satisfied by affidavit or otherwise of the sufficiency of said application, and of the truth of the allegations contained in the complaint, and upon such notice, if any, as the court by order may direct, may proceed in a summary way to hear the affidavits, proofs and allegations which may be offered on behalf of the parties, and if upon such inquiry it shall appear to the court that the corporation has become insolvent and is not about to resume its business in a short time thereafter, with safety to the public and advantage to the stockholder, it may issue an injunction," etc.

As it has been heretofore said our corporation act has been taken almost word for word from the New Jersey corporation act with only such changes in phraseology as may be necessary from the difference in the system of courts. In the case of Armijo v. Armijo, 4 N. M. 57, this court has laid down the rule "to the effect that in adopting the statute of another state or territory there is also adopted the construction placed upon it by the courts of such state or territory, unless for some good reason the courts of the state or territory adopting the statute should see proper to refuse to follow such decisions as sound interpretations of the Statute." See also Bullard v. Lopez, 7 N. M. 563; Raymond v. Newcomb, 10 N. M. 151. Referring to the New Jersey decisions we find that the question raised by the assignment of error herein has been directly passed upon by the New Jersey courts.

In the case of Newfoundland Railroad Construction Co. v. Shack, 13 Stew. Eq. R. 226, the court had under consideration a bill in chancery in which the allegation upon

the issue of insolvency was almost word for word with that in the case at bar. The court passing upon this said:

"With respect to the insolvency of the corporation, the only allegations in the bill are, that the company is indebted to divers persons in a large sum of money for goods furnished ' and work and labor done and money advanced to and for the said company, at their request and upon their order, as the complainant has been informed and believes;. that the company is insolvent, and that it has suspended its business for want of funds to carry on the same. These allegations are insufficient to make a case within the purview of the statute. The facts and the circumstances must .be set out in the bill from which the insolvency of the company shall appear. Rawnsley v. Trenton Life Ins.. Co., 1 Stock. 96, 347."

See also Atlantic Trust Co. v. Consolidated Electric Storage Co., 49 N. J. Eq. 405; Rawnsley et al, v. Trenton Mutual Life Ins. Co., 9 N. J. Eq. 95.

Following the decisions of the New Jersey courts we must therefore hold that the complaint in the case at bar *does not sufficiently state the facts and circumstances to make a case within the purview of the statute, and* being wholly insufficient the court should not have granted the injunction or appointed the receiver. The decree of the court granting the injunction and appointing the receiver together with all subsequent decrees and orders made in such receivership are therefore reversed and the cause remanded with instructions to the court to grant leave to the plaintiff below to amend his complaint upon terms,. within twenty days from the filing of the mandate from this court in the district court; otherwise to dismiss the same without prejudice.