[No. 1250, August 31, 1910.]

## EAGLE MINING & IMPROVEMENT COMPANY, Plaintiff in Error, v. ROBERT E. LUND, Defendant in Error.

### SYLLABUS (BY THE COURT.)

1. Where the plaintiff in error files a transcript of the record, but not, as required by Sec. 20, Chapter 57 of the Laws of 1907, ten days before the return day of the writ, and also files assignments of error, but not before the return day of such writ, a motion to dismiss the writ of error, on those grounds, not made until after such filing, will be denied. Armijo v. Abeytia, 5 N. M. 533.

2. A decree granting an injunction and appointing a receiver for an insolvent corporation under the provisions of Sections 72 and 73 of Chapter 79, of the Laws of 1907, is a final decree within the terms of the Organic Act relating to appeals and writs of error.

3. A decree appointing a receiver to take possession of all and every the estate, real, personal and mixed of an insolvent corporation with power to collect and take possession of all the properties and assets of the corporation

Eagle Mining Co. v. Lund.

and to make an inventory of the same and to abide the further orders of the court with relation, thereto considered by itself, there having been no injunction previously granted by the court as provided in Section 72 of Chapter 79 of the Laws of 1905, is properly classified as an interlocutory order or decree and not subject to appeal or writ of error.

Error to District Court for Chaves County before WILLIAM H. POPE, Chief Justice. Writ dismissed.

G. W. PRICHARD for Plaintiff in Error.

The suit should have been brought in the judicial district in which the property lies. C. L. 1897, secs. 882, 2950, par. 4; Laws 1905, chap. 79, sec. 75; A. & E. Enc. of Law, 2 ed., 65; Booth v. Clark, 17 How. U. S. 335; Holmes v. Sherwood, 16 Fed. 727, and cases cited; Smith on Receiverships 56, 122 and cases cited.

The facts and circumstances must be set out in the complaint from which the insolvency of the company shall appear. Newfoundland R. R. Construction Co. v. Shack, 40 N. J. Eq. 222, 226; Rawnsley v. Trenton Life Ins. Co., 1 Stock. 95; Cook v. East Trenton Pottery Co., 54 New Jersey Equity 29; Pierce v. Old Dominion Copper Co., 65; Atlantic Rep. 1005.

Insolvency is an absolutely essential ingredient of fact in every case in which the court is asked to enjoin a corporation and to appoint a receiver to take charge of the assets. Atlantic Trust Co. v. Consolidated Storage Co., Dick. Ch. Rep. 402; Edison et al, v. Edison United States Phonograph Co., 7 Dick Ch. Rep. 620; Newfoundland R. R. Con. Co. v. Shack, 40 N. J. Eq. 222; Ft. Wayne Eln. Com. v. Franklin Eln. L. Co., 57 N. J. Eq. 7.

The order appointing a receiver should describe the property which the receiver is to take. Smith on Receivers 63 and cases cited; Hellebush v. Blake, 119 Ind. 350; O. Mahoney v. Belmont, 62 N. Y. 133; Crow v. Wood, B. Beaver 273.

R. E. LUND for Defendant in Error.

The court having undisputed jurisdiction of the defendant, it may not only proceed as to the person, making such orders and decrees as it deems equitable as to him or it, but it may also deal with, and exercise jurisdiction over and concerning the acts, the res or rem of such defendant, even though these be wholly beyond the court's jurisdiction, in another state. Lyon v. Crosby, 27 Pac. 786; 14 Pac. 775; "Equity," 16 Cyc. 118, 119; 5 N. M. 297; Phelps v. McDonald et al, 99 U. S., 25 L. ed., 473, syl. 3; Laws 1905, chap. 79; 22 Cyc. 785, 906, note and citations.

When a person is unable to pay his debts, he is an insolvent. Cunningham v. Norton, 125 U. S. 77, 31 L. ed., 624; Toof et als, v. Martin, 80 U. S. 40, 51, 20 L. ed., 481; 2 Burrill's Law Dic., 2 Enc. P. & P. 3, Insolvency; 22 Cyc. 1256.

It is an established principle of Equity, that when a corporation becomes insolvent, *it is so far civilly dead,* that its property may be administered as a trust fund for the benefit of its stockholders and creditors. Blake v. McClung, 172 U. S. 254, 43 L. ed. 437; Laws 1905, 79, art. 7; Mullins v. Moline M. I. Co., 131 U. S. 352, 33 L. ed. 178; 172 U. S. 254 and cases cited; 114 U. S. 587, 594; 150 U. S. 371, 385.

### STATEMENT OF FACTS.

This is an action brought by the defendant in error in the District Court of Chaves County under the provisions of Sections 72 and 73 of Chapter 79 of the Laws of 1905, for an injunction restraining the plaintiff in error, a mining corporation organized under the laws of New Mexico, with its principal office and all of its property within the County of Lincoln, from continuing to exercise its corporate powers and franchises and appointing a receiver to take charge of and administer the properties and effects of the plaintiff in error. Objections were taken to the form and sufficiency of the complaint, but it is not necessary to pass upon such objections at this time, and therefore no further statement of the contents of the pleadings will be made.

Upon the filing of the complaint the court made its order to show cause why the relief prayed for in the com-

plaint should not be granted. Upon the return of the order to show cause, and after answer had been filed and hearing had, the court granted a preliminary injunction restraining the corporation from transferring or disposing of its personal properties, refusing, however, at that time, to grant the statutory injunction prayed for in the complaint and further refusing at that time to appoint the receiver as prayed for in the complaint. Thereafter, after various hearings had been had upon motions for rehearing and new trial, the court, upon the 22nd of June, 1908, filed its findings of fact as follows:

"Upon the pleadings and proofs submitted, it is found by the court that the defendant corporation is insolvent and cannot, as now conditioned, conduct its business in the future with safety to the public or advantage to the stockholders."

"A decree may accordingly be drawn granting the relief prayed in the complaint and as provided by Chapter 79 of the Laws of 1905."

Upon this finding of fact, after considerable delay, on the 18th of September, 1908, the court entered a decree, based upon the foregoing finding of fact, appointing one James Sims of Lincoln County receiver of all and every the estate, real, personal and mixed of the Eagle Mining and Improvement Company, with power to collect and take possession of all the properties and assets of the corporation. That he make an inventory of the same and abide the further orders of the court.

At no time in the proceedings was the injunction provided in Section 72 of Chapter 79, of the Laws of 1905, granted or issued by the court as directed in his findings.

From this decree appointing a receiver the plaintiff in error sued out his writ and brings the matter before this court.

## OPINION OF THE COURT.

WRIGHT, J.—1. Before taking up the consideration of the other features of this case it is necessary to dispose of the motion of defendant in error to dismiss the

writ of error for failure to file transcript of the record and assignments of error within the time required by law.

Defendant herein, on January 5, 1910, filed his motion to dismiss the writ of error, as above stated. An examination of the files in this case discloses that plaintiff in error had filed its transcript of record and assignments of error and thereby cured its default prior to the filing of motion to dismiss for such default. This motion is, therefore, within the rule stated in Armijo v. Abeytia, 5 N. M., and must therefore be overruled.

2. The second contention of the defendant in error is that the decree appointing a receiver, from which the writ of error is taken, is not a final decree and therefore not subject to appeal or writ of error.

The question of the finality of a decree granting the injunction and appointing a receiver as provided in Secs. 72 and 73 of Chapter 79 of the Laws of 1905, has been heretofore considered by the court, at this term, in the case of Sacramento Valley Irrigation Company v. Lee, in which a decree granting the injunction as provided in the statute and appointing a receiver with the powers prescribed in the statute was held to be final and subject to appeal or writ of error. In the case at bar, however, the facts differ from those in the Sacramento Valley Irrigation Company v. Lee, in that at no time was the injunction authorized by Sec. 72 of said Chapter 79 issued by the court as prescribed in such statute. The only injunction granted at any time, as appears from the record, was the preliminary injunction granted upon the return of the order to show cause, restraining the corporation from disposing of its personal property until the further order of the court. It is true that subsequent to the issuing of this preliminary injunction the court by its findings indicated that a decree granting the relief prayed in the complaint might be drawn and submitted to the court for signature, but no such decree was drawn or signed. The decree appointing such receiver is in the usual form of such decrees appointing receivers to conserve property pending final disposition of the case in chief under orders from the court.

Sections 72 and 73 of Chapter 79 of the Laws of 1905 are as follows:

"Sec. 72. Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, any creditor or stockholder may by complaint setting forth the facts and circumstances of the case, apply to the district court for a writ of injunction and the appointment of a receiver or receivers or trustees, and the court being satisfied by affidavit or otherwise of the sufficiency of said application, and of the truth of the allegations contained in the complaint, and upon such notice, if any, as the court by order may direct, may proceed in a summary way to hear the affidavits, proofs and allegations which may be offered on behalf of the parties, and if upon such inquiry it shall appear to the court that the corporation has become insolvent and is not about to resume its business in a short time thereafter with safety to the public and advantage to the stockholders, it may issue an injunction to restrain the corporation and its officers and agents from exercising any of its privileges or franchises and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its estate, moneys, funds, lands, tenements or effects, except to a receiver appointed by the court, until the court shall otherwise order."

"Sec. 73. The District Court, at the time of ordering said injunction, or at any time afterwards, may appoint a receiver or receivers or trustees for the creditors and stockholders of the corporation, with full power and authority to demand, sue for, collect, receive and take into their possession all the goods and chattels, rights and credits, moneys and effects, lands and tenements, books, papers, choses in action, bills, notes and property of every description of the corporation, and to institute suits at law or in equity for the recovery of any estate, property, damages or demands existing in favor of the corporation, and in his or their discretion to compound and settle with any debtor or creditor of the corporation or with persons having possession of its property or in any way responsible at law or in equity to the corporation at the time of its in-

solvency or suspension of business, or afterwards upon such terms and in such manner as he or they shall deem just and beneficial to the corporation, and in case of mutual dealings between the corporation and any person to allow just off-sets in favor of such person in all cases in which the same ought to be allowed according to law and equity; a debtor who shall have in good faith paid his debt to the corporation without notice of its insolvency or suspension of business, shall not be liable therefor, and the receiver or receivers or trustees shall have power to sell, convey and assign all the said estate, rights and interests, and shall hold and dispose of the proceeds thereof under the directions of the district court; the word receiver as used in this act shall be construed to include receivers and trustees appointed as provided in this act."

In passing upon the question of the finality of a decree appointing a receiver for an insolvent corporation independently and separately from the injunction provided in Section 72 quoted *supra,* Stevenson, V. C., in the case of Pierce v. Old Dominion Copper Mining and Smelting Company, 58 Atl. 319 at 326, uses the following language:

"The order appointing a receiver is not necessarily a part of the final decree. The final decree is the decree for an injunction, this most effective and fatal decree, which virtually destroys the corporation, like a judgment of ouster in a quo warranto case, and prevents the corporation from perpetrating fraud. The order appointing a receiver may be made in connection with and as a part of the final decree, or may be made at any time after the final decree. as the statute expressly provides. The order appointing a receiver may be embodied in the final decree, or may constitute the subject-matter of a separate subsequent order. Considered by itself, the order appointing a receiver is properly to be classified among interlocutory orders. It has never been intimated, so far as I am aware, that the decree of the court of chancery made upon the summary hearing prescribed by the statute, either dismissing the petitioner's petition or the complainant's bill, or ordering that the statutory injunction be issued, disabling the corporation from the exercise of its franchises, is not a

final decree." See also the case of Franklin Electric Light Co. v. Fort Wayne Electric Corporation, 58 N. J. Eq. 543, 43 Atl. 650.

The wording of the decree in the case at bar in itself indicates that the decree appointing such receiver should be merely an interlocutory order. Such being the case the order as it now stands appointing a receiver, being purely interlocutory in form, is not subject to appeal or writ of error. If the decree appointing a receiver in this case had been drawn with an order or decree granting the injunction provided in the statute, there could be no question whatever but what such decree would be a final decree and as such subject to appeal or writ of error.

There may be some question as to just what the *main case is* in which the decree appointing the receiver is deemed interlocutory, but this is not a question we are bound to consider in this court. Such question can be disposed of by the lower court on a motion to reform the decree so as to correspond with the findings of fact made by the court.

In view of the above we cannot go into the merits of the case. The writ of error is therefore dismissed with costs and it is so ordered.