(No. 2390. Oct. 1, 1919.)

## BRADFORD v. ARMIJO.

### SYLLABUS BY THE COURT.

Under section 22, c. 43, Laws 1917, the appellee or defendant in error is entitled to file three copies of a skeleton transcript of the record and proceedings and secure an order docketing and affirming the cause for failure of appellant or plaintiff in error to file a transcript of the record, only after the return day. While the statute requires the appellant or plaintiff in error to file a copy of the record and proceedings at least 10 days before the return day, it does not authorize the court to docket and affirm the case for such failure prior to the return day.

Appeal from District Court, Sandoval County; Raynolds, Judge.

Action by J. L. Bradford against Policarpio Armijo. Judgment for defendant, and plaintiff appeals. Motion by appellee to docket and affirm granted, and cause docketed and judgment of lower court affirmed, and on

appellant's motion order set aside and appellant given 30 days to file briefs on the merits.

CATRON & CATRON, of Santa Fe, for appellant.

GEORGE S. DOWNER and W. A. KELEHER, both of Albuquerque, for appellee.

ROBERTS, J.   On the 23d day of April, 1919, appellant prayed for and was granted an appeal from a final judgment of the district court of Sandoval county. Appellant caused to be prepared and had settled and signed a bill of exceptions within 80 days thereafter. He failed to file in the office of the clerk of the Supreme Court, at least 10 days before return day, the transcript of record and proceedings in the cause, required by section 22, c. 43, Laws 1917.   Appellant not having filed the transcript within such time, appellee filed three copies of a skeleton transcript and moved the court to docket and affirm the cause.   The skeleton transcripts and motion to docket and affirm were filed after the eightieth day from the time the appeal was taken, but within less than 90 days after granting of such appeal. The court granted the motion, and the cause was docketed and the judgment of the lower court affirmed.

Thereafter appellant filed a motion to set aside such order upon several grounds, only one of which need be considered.   This was that appellee, under the statute had no right to an order docketing and affirming the cause because of his default in not filing his transcript within the time required until after the return day. Within 90 days, but after the eightieth day, appellant tendered for filing three copies of a typewritten transcript of the record and proceedings in the cause.   Section 22, c. 43, Laws 1917, provides:

"The appellant in case of appeal and the plaintiff in error in cases of writs of error shall file in the office of the clerk of the Supreme Court at least ten (10) days before the return day of any writ of error or appeal, as perfect and complete a

transcript of the record and proceedings in the cause as may be necessary to enable the court to properly review it."

Said section then proceeds:

"If he fails to do so the appellee or defendant in error may produce and file in the Supreme Court at any time after such return day, three copies of a written or printed transcript containing the judgment, order, decision or conviction appealed from, and the order allowing the appeal therefrom, and in case of a writ of error, a certificate showing the suing out of said writ of error, together with a certificate of the clerk of the Supreme Court, showing that no transcript has been filed by the appellant or plaintiff in error in said cause in the Supreme Court, and may move the court to docket said cause and affirm said judgment, order, decision or conviction; and if it appear from said transcript that a judgment, order, decision or conviction, within the provisions of sections one or two of this act, was entered in said cause, and that an appeal or writ of error has been taken or sued out therefrom, the court shall affirm such judgment, order, decision or conviction as the case may be, unless good cause be shown to the contrary."

Construing section 27 and 36 of said act together, it would appear that the trial judge may settle and sign the bill of exceptions at any time within 10 days prior to the return day. Under section 21, the return day is fixed at not more than 90 days after the appeal is taken. The return day under this section may be shortened by the act of the appellant filing the transcript of record in less than 80 days after the appeal is taken; but, where such transcript is not filed within less than 80 days, the return day is 90 days after the taking of the appeal, unless the time is extended. It will be observed that, under the provisions of the statute above quoted, the appellee is authorized to file three copies of a skeleton transcript and move to docket and affirm only after the return day. While the statute requires the appellant or plaintiff in error to file the transcript at least 10 days before the return day, it does not confer upon the appellee or defendant in error the right to take advantage of a default in this regard until after the return day.

It has been held by the territorial Supreme Court in Armijo v. Abeytia, 5 N. M. 533, 25 Pac. 777, Sacramento

V. & I. Co. v. Lee, 15 N. M. 567, 113 Pac. 834, Eagle M. & I. Co. v. Lund, 15 N. M. 696, 113 Pac. 840, and by this court in the case of Gauss-Laugenberg Hat Co. v. Raton National Bank, 17 N. M. 233, 124 Pac. 794, that a motion to dismiss a writ of error or appeal for failure to file a transcript or assignments of error within the time required by statute, not made until after the appellant or plaintiff in error has cured the default, will be denied, and the right of the appellant or plaintiff in error to file such transcript after the time fixed by the statute has expired has been uniformly sustained.

As the statute does not confer upon the appellee or defendant in error the right to secure the affirmance of the judgment of the lower court by filing three copies of the skeleton transcript of the record prior to the return day, it necessarily follows that such right to move within such time does not exist. Consequently, where an appellant or plaintiff in error fails to file a transcript of record and proceedings within 10 days before the return day, but does file such transcript before the return day, no right exists in the appellee or defendant in error to have the judgment of the lower court affirmed because of the failure to file such transcript at least 10 days before the return day.

It follows that the court should not have entered the order docketing the case and affirming the judgment of the lower court. Such order will therefore be set aside, and appellant will be given 30 days to file briefs on the merits, and it is so ordered.

PARKER, C. J. and MECHEM, District Judge, concur.