## In re ROLLIN MOTORS CO.

District Court, N. D. Ohio, E. D. October 28, 1927.

No. 11461.

Bankruptcy ⊜314(1), 347—Creditors' committee held not to have prior lien or provable claim for services rendered bankrupt.

A creditors' committee, appointed to aid a failing business, *held* not to have a lien on the assets entitled to priority, or a provable claim against the estate in bankruptcy of the debtor, for services rendered.

In Bankruptcy. In the matter of The Rollin Motors Company, bankrupt. On review of order of referee disallowing the claim of the Rollin Motors Company creditors' protective committee. Confirmed.

Baker, Hostetler & Sidlo, of Cleveland, Ohio, for petitioning creditors' protective committee.

Tolles, Hogsett & Ginn and Bernon, Mulligan, Keeley & Le Fever, all of Cleveland, Ohio, for R. H. White.

David Johnson, of Cleveland, Ohio, for trustee.

JONES, District Judge. In this bankruptcy the Rollin Motors Company creditors'

protective committee filed a claim for $7,518.-54, claiming to be entitled to priority of payment out of the bankrupt estate as for a lien on the assets.

In June, 1925, the bankrupt called a meeting of its creditors, at which it was represented that the company had gotten into financial difficulties and was then unable to pay its debts. It was further suggested that a creditors' committee be appointed to co-operate with the company officials in working out a solution of its affairs. In July, 1925, meetings of stockholders and directors were held, at which authority was given to the officers of the company to co-operate with the creditors' committee for the purpose of producing funds for the payment of the obligations of the company and for determining a policy for liquidation. The referee found that, while the committee's services were helpful and of benefit to the bankrupt, yet the claim was not of such a character as to be entitled to priority, or as to be allowed as a claim against the estate.

I am inclined to adopt the view and findings of the referee in sustaining objections to the allowance of this claim. It does not appear that the creditors' committee was authorized to, or that it did, in fact, take over, control, and operate or preserve the assets and business of the company in toto, in the sense that it would be entitled to priority of payment out of the proceeds of the estate after the manner of an assignee. I think the creditors' committee not in the situation of an assignee, entitled to preference under the doctrine approved in Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165; the difference between them being something more than a "mere fiction of relation."

The character of the claim here is one for services performed which are incapable of admeasuring in terms of property or funds thereby saved, rescued, or made available for creditors generally, and therefore unlike those claims considered in Trustees v. Greenough, 105 U. S. 527, 535, 26 L. Ed. 1157, and Winton v. Amos, 255 U. S. 373, 393, 41 S. Ct. 342, 65 L. Ed. 684. If such claim may be proved, or entitled to priority, it would open the way for favored creditors to obtain what, in effect, would be a preference, or for credit associations, which often undertake to aid a failing business to stave off bankruptcy, to obtain compensation out of the bankrupt estate for their services, to the prejudice of general creditors. Nor do I think the claim of the creditors' committee in the same class or relation as an assignee or a quasi receiver,

within the principles adopted in In re Stewart, 179 F. 223 (C. C. A. 6th).

The work of the creditors' committee must be regarded as a labor of love, and gratuitously performed for its fellow creditors, as for itself, in the absence of evidence or circumstances tending to support a contrary intention. In my opinion, it is neither an equitable lien entitled to priority, nor a provable claim within the meaning of sections 63 and 64 of the Bankruptcy Act (11 USCA §§ 103, 104).

Accordingly, the finding, conclusions, and order of the referee disallowing the claim will be approved and confirmed, and the petition to review dismissed, to which action the petitioner may have its exceptions.