**FIRST NAT. BANK IN ALBUQUERQUE
v. ROBINSON et al.**

**No. 1884.**

Circuit Court of Appeals, Tenth Circuit.
Oct. 20, 1939.

Rehearing Denied Nov. 29, 1939.

Joseph L. Dailey, of Albuquerque, N. Mex. (K. Gill Shaffer, of Albuquerque, N. Mex., on the brief), for appellant.

E. R. Wright, of Santa Fe, N. Mex., for appellees.

Before LEWIS, PHILLIPS, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On November 17, 1937, D. D. Fuller, doing business as D. D. Fuller Tire Company, filed a petition in the district court of Bernallilo County, New Mexico, against The Rainbow Truck Lines, Inc. In his complaint Fuller alleged that the Truck

Lines was insolvent and prayed for the appointment of a receiver to take charge of and operate its business. On the same day the Truck Lines filed its answer admitting that it was insolvent and consenting to the appointment of a receiver. An order was made appointing Lee James as receiver. The order of appointment, among other things, authorized the receiver to borrow money from any bank in New Mexico up to the amount of $8,000 upon notes or certificates signed by the receiver and decreed that such advances to the receiver should be subject to existing secured indebtedness, but otherwise should constitute a paramount charge upon the assets of the receivership.

Thereafter, the receiver borrowed from the First National Bank in Albuquerque, New Mexico, the sum of $8,000 and executed and delivered to the bank his promissory note dated November 30, 1937, due ninety days after date, with interest at eight per cent per annum.

Thereafter, a petition for involuntary bankruptcy was filed in the District Court of the United States for the District of New Mexico and the Truck Lines was adjudicated a bankrupt. The note remained unpaid and the bank filed its claim in the bankruptcy proceeding praying that it be allowed as a prior claim, subject only to the secured indebtedness of Truck Lines on the date of the appointment of the receiver. The referee classified the claim as Class 5 allowing priority only for $1,710.26, the aggregate of amounts paid by the receiver to prevent repossession of certain equipment. On petition to review, the order of the referee was affirmed. The bank has appealed.

The trial court found that $1,710.26 was paid out by James pretending to act as receiver, prior to the adjudication in bankruptcy, and that such payments were made to preserve and did preserve physical assets, to wit, trucks and trailers, which later came into the possession of the trustee in bankruptcy and which were ultimately sold and disposed of by the trustee for the benefit of the bankrupt estate; that the state Insolvency Act was superseded by the Federal Bankruptcy Act, 11 U.S.C.A. § 1 et seq.; that no injunction having been issued by the state court, the pretended appointment of a receiver was void under Section 32-175, N.M.Stat.Ann.1929; and that none of the disbursements made by James pretending to act as receiver, except the

sum of $1,710.26, resulted in benefit to the bankrupt estate.

Section 32-174, N.M.Stat.Ann.1929, provides that whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, any creditor or stockholder may, by complaint setting forth the facts and circumstances of the case, apply to the district court for a writ of injunction and the appointment of a receiver or receivers or trustees.

Section 32-175, N.M.Stat.Ann.1929, provides that the district court at the time of ordering said injunction or at any time afterwards may appoint a receiver or trustee for the creditors and stockholders of the corporation with full power and authority to demand, sue for, collect, receive, and take into his possession all the assets of the corporation, including choses in action, bills, notes, and property of every description.

Section 32-177, N.M.Stat.Ann.1929, provides that all real and personal property of an insolvent corporation and all its franchises, rights, privileges, and effects shall upon the appointment of a receiver forthwith vest in him and the corporation shall be divested of the title thereto.

Section 32-178, N.M.Stat.Ann.1929, provides that whenever a receiver shall have been appointed as aforesaid and it shall afterwards appear that the debts of the corporation have been paid or provided for, and that there remains or can be obtained by further contributions sufficient capital to enable it to resume its business, the district court may, in its discretion, direct the receiver to reconvey to the corporation all its property, franchises, rights, and effects, and thereafter the corporation may resume the control of and enjoy the same as fully as if the receiver had never been appointed, and that in every case in which the district court shall not direct such reconveyance, said court may, in its discretion, make a decree dissolving the corporation and declaring its charter forfeited and void.

Section 32-179, N.M.Stat.Ann.1929, provides that whenever a majority in interest of the stockholders of the corporation shall have agreed upon a plan for the reorganization of the corporation and a resumption by it of the management and control of its property and business, such corporation may, with the consent of the district court, upon the reconveyance to it of its property and franchises, mortgage the same for such

amount as may be necessary for the purposes of such reorganization, and may issue bonds or other evidences of indebtedness or additional stock or both, and use the same for the full or partial payment of creditors who will accept the same, or otherwise dispose of the same for the purposes of the reorganization.

Section 32-180, N.M.Stat.Ann.1929, provides that the court may appoint a referee to hear and pass upon claims against the corporation.

Section 32-182, N.M.Stat.Ann.1929, provides for an inventory.

Section 32-183, N.M.Stat.Ann.1929, empowers the court to limit the time within which creditors shall present and make proof before the referee of their claims against the corporation, to bar all creditors or claimants, failing so to do within the time limited, from participating in the distribution of the assets of the corporation, and to prescribe what notice, by publication or otherwise, shall be given to creditors of such limitation of time.

Section 32-184, N.M.Stat.Ann.1929, provides for the filing of claims under oath.

Section 32-185, N.M.Stat.Ann.1929, gives creditors and claimants the right to demand trial of their claims before a jury.

Section 32-189, N.M.Stat.Ann.1929, authorizes the court to empower the receiver to sell incumbered property in litigation free of liens.

Section 32-191, N.M.Stat.Ann.1929, gives a prior lien to laborers and workmen for all labor, work, and services done, performed, or rendered, and to materialmen for materials or supplies furnished within four months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation.

Section 32-192, N.M.Stat.Ann.1929, provides certain exceptions to such liens.

Section 32-194, N.M.Stat.Ann.1929, provides for a distribution of the assets of the corporation, (1), in payment of all allowances, expenses, and costs; (2), in satisfaction of all special and general liens to the extent of their lawful priority; (3), in payment of the claims of creditors, including those whose debts are not due, proportionately to the amount of their respective debts; and (4), any balance remaining to preferred and general stockholders proportionately, according to their respective shares.

Section 4, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 22, sub. a, provides that any person, except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits of the Bankruptcy Act as a voluntary bankrupt. Section 4, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 22, sub. b, provides that any moneyed, business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation or a building and loan association, owing debts to the amount of $1,000 or over,[1] may be adjudged an involuntary bankrupt.[2] By Section 77B of the Bankruptcy Act, as amended by the Act of August 12, 1937, 11 U.S.C.A. § 207, provision was made for both voluntary and involuntary proceedings for the reorganization of corporations, other than railroad corporations.

From the foregoing it will be seen that the New Mexico statute is essentially an insolvency act and covers substantially the same field as the National Bankruptcy Act. While the New Mexico act does not make express provision for the discharge of the corporate debtor, it does provide for the distribution of its assets and the dissolution of the corporation, unless a reorganization is effected. An express provision for discharge is not an essential element of an insolvency law.[3]

By virtue of the constitutional authority of Congress to enact a uniform system of bankruptcy, the National Bankruptcy Act is paramount and superior to all state laws upon the subject, and all state insolvency laws are suspended in so far as they relate to the same subject-matter

---

[1] The Truck Lines owed debts in excess of $1,000.

[2] Under Section 4, as amended by the Act of 1910, 11 U.S.C.A. § 22, a public service corporation might be adjudicated an involuntary bankrupt. City of Holland v. Holland City Gas Co., 6 Cir., 257 F. 679, 686; In re Grafton Gas & Elec. Light Co., D.C., 253 F. 668, 671.

[3] In re Weedman Stave Co., D.C., 199 F. 948, 950; Johnson v. Crawford & Yothers, C.C., 154 F. 761, 765; In re Salmon & Salmon, D.C., 143 F. 395; In re F. A. Hall Co., D.C., 121 F. 992; In re Smith, D.C., 92 F. 135; Hammond v. Lyon Realty Co., 4 Cir., 59 F. 2d 592, 594, 595.

and affect the same persons as the National Bankruptcy Act.[4] It follows that the receivership proceeding in the state court was void.

■ The order appointing the receiver was void for another reason. Under the express provisions of Section 32-175, supra, the district court could not appoint a receiver except at the time of ordering the injunction or at some time thereafter.[5] No injunction having been issued, the state court was without jurisdiction to appoint the receiver.

Counsel for the bank contend that the receivership proceeding may be treated as an equity proceeding. Truck Lines was engaged in the operation of a number of freight trucking lines which extended from Albuquerque, New Mexico, into Colorado and Texas. The order appointing the receiver expressly directed the receiver to continue the operation of the business as a going concern.

■■ The power of an equity receiver is coextensive only with that of the territorial jurisdiction of the court appointing him.[6] Such a receiver has no extraterritorial jurisdiction or power of official action.[7] An equity receiver could not have carried on the business in the states of Colorado and Texas. We think there can be no doubt the court intended to appoint a receiver under the state insolvency statute.

■ The appointment of the receiver being void, the bank was entitled to priority only to the extent that the funds which it advanced benefited the estate which passed into the hands of the bankruptcy trustee.[8]

Affirmed.

[4] International Shoe Co. v. Pinkus, 278 U.S. 261, 264, 49 S.Ct. 108, 63 L.Ed. 318; Carling v. Seymour Lumber Co., 5 Cir., 113 F. 483; In re Weedman Stave Co., D.C., 199 F. 948, 950, 951; In re Storck Lumber Co., D.C., 114 F. 360; Hammond v. Lyon Realty Co., 4 Cir., 59 F.2d 592, 594, 595.

[5] See Eagle Mining Co. v. Lund, 15 N.M. 696, 113 P. 840; Pierce v. Old Dominion Copper Mining & Smelting Co., 67 N.J.Eq. 399, 58 A. 319; Sacramento Valley Irr. Co. v. Lee, 15 N.M. 567, 113 P. 834; Cooper v. Manning, 39 N.M. 206, 43 P.2d 1055.

[6] Chapman v. First Nat. Bank of Seattle, D.C., 37 F.2d 105, 110; Ward v. Foulkrod, 3 Cir., 264 F. 627, 636; Dunphy v. McNamara, 50 Nev. 113, 252 P. 943, 946; Sterrett v. Stoddard Lumber Co., 150 Or. 491, 46 P.2d 1023, 1025; Melvin v. Carl, 118 Cal.App. 249, 4 P.

2d 954, 955; Hirning v. Hamlin, 200 Iowa 1322, 206 N.W. 617, 619; Frowert v. Blank, 205 Pa. 299, 54 A. 1000, 1001; Catlin v. Wilcox Silver Plate Co., 123 Ind. 477, 24 N.E. 250, 251, 8 L.R.A. 62, 18 Am.St.Rep. 338; Fletcher Cyc. Corp., Perm. Ed., Vol. 16, § 7824.

[7] Great Western Mining Co. v. Harris, 198 U.S. 561, 575, 25 S.Ct. 770, 49 L.Ed. 1163; Hale v. Allinson, 188 U.S. 56, 68, 23 S.Ct. 244, 47 L.Ed. 380; Sterrett v. Stoddard Lumber Co., supra; Frowert v. Blank, supra; Weber Showcase & Fixture Co. v. Waugh, D. C., 42 F.2d 515, 519; Fletcher Cyc. Corp., Perm. Ed., Vol. 16, § 7824.

[8] Randolph v. Scruggs, 190 U.S. 533, 539, 23 S.Ct. 710, 47 L.Ed. 1165; State of Missouri v. Angle, 8 Cir., 236 F. 644, 653; In re White, 2 Cir., 58 F.2d 203, 204; Hume v. Myers, 4 Cir., 242 F. 827, 830; Finneran v. Burton, 8 Cir., 291 F. 37.