## CHASE BAG CO. v. SCHOUMAN et al.

### No. 8965.

Circuit Court of Appeals, Sixth Circuit.

June 29, 1942.

Max Kahn, of Detroit, Mich., for appellant.

Ernest Dee O'Brien, of Detroit, Mich. (John J. Sloan, Nathan R. Berke, and David I. Hubar, all of Detroit, Mich., on the brief), for appellees.

Before MARTIN and McALLISTER, Circuit Judges, and SWINFORD, District Judge.

SWINFORD, District Judge.

Upon proper proceedings in the state court of Wayne County, Michigan, the David Stott Flour Mills, Incorporated, was adjudged insolvent and placed in receivership. The receivership proceeded to operate the corporation and in this operation incurred an indebtedness of $2,240.41 to the appellee, Chase Bag Company.

Subsequently by involuntary proceedings in the Federal Court the David Stott Flour Mills, Incorporated, was adjudged a bankrupt and in final liquidation had a small sum of money for distribution. The allowances and costs of administration in the bankruptcy proceeding exceeded this sum. The Chase Bag Company contends that its claim should be adjudged superior to or of equal dignity with the costs of administration in the bankruptcy court.

The claim was allowed as a preferred claim, but not to be paid until after the cost of administration had been deducted. From this judgment in the district court the appeal is prosecuted.

The appellant insists that this case falls squarely within the rule laid down in Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 712, 47 L.Ed. 1165; that this is a cost of administration of the state receivership and that the fund which passed into the hands of the trustee in bankruptcy from the receiver in the state court was subject to a deduction of its claim.

The rule stated in Randolph v. Scruggs, supra, to the effect that one contributing to the preservation or benefit of an estate in bankruptcy, by performing services or advancing credits, under certain conditions, in case of an assignment prior to bankruptcy, is to be preferred is well established. This is on the theory that the assignee has preserved the estate and by his action in so doing has incurred obligations which the subsequent trustee in bankruptcy would have had to incur. As pointed out in the Scruggs case, that is the rule in the state courts universally applied on the theory that "beneficial services are allowed for they are to be regarded as deductions from the property which the assignee is required to surrender, and in that way they gain a preference." See,

also, In re White, 2 Cir., 58 F.2d 203; In re Cabel Upholstering Co., 1 Cir., 10 F.2d 502; First National Bank in Albuquerque v. Robinson, 10 Cir., 107 F.2d 50.

It is well settled in so far as the question here is concerned that debts and fees of a state court receiver are in the same category as debts and fees of an assignee for the benefit of creditors prior to bankruptcy. Hume et al. v. Myers et al., 4 Cir., 242 F. 827; Paine v. Archer, 9 Cir., 233 F. 259.

In our judgment the claim here while properly allowed as a preferred claim is not a cost of administration entitled to priority over the allowances for administrative purposes in the bankruptcy court.

The real question to be determined is whether the credit was one which preserved or benefited the estate. In re Chase et al., 1 Cir., 124 F. 753. This is a matter which presented a factual question to the district court which found to the contrary.

As pointed out in First National Bank in Albuquerque v. Robinson, supra, it was in the power of the district court to allow a part of the claim and disallow the remainder.

It would be impossible for this court to state from the record before it whether or not the credit advanced by the appellant to the state receiver actually benefited the estate. The district court found that this was not a proper administrative cost and that it had not contributed to the preservation of the estate prior to bankruptcy. This finding should be sustained. In re Rollin Motors Co., D.C. Ohio, 23 F.2d 110, 111; In re Stewart, 6 Cir., 179 F. 222.

Judgment affirmed.