267 F.2d 108
 In the Matter of Melvin MARKS, doing business as Mel's
Merchandising Sales
Co., and as surviving partner of Al's Sales Co., Bankrupt.
S. Harvey KLEIN, assignee for the benefit of
creditors, and Max M. Rappaport,
attorney for said assignee, Appellant,
v.
Charles David MALEY, Trustee, Appellee.
 No. 12557.
 United States Court of Appeals Seventh Circuit.
 May 15, 1959.
 
 Hamilton Clorfene, Chicago, Ill., Max M. Rappaport, Rappaport, Clorfene & Rappaport, Chicago, Ill., of counsel, for S. Harvey Klein, assignee for the benefit of creditors.
 Joseph W. Grady, James Overton Brooks, Brooks & Grady, Chicago, Ill., for Charles David Maley, trustee in bankruptcy, appellee.
 Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 S. Harvey Klein, assignee for the benefit of creditors of Melvin Marks, doing business as Mel's Merchandising Sales Co., and as surviving partner of Al's Sales Co., bankrupt, and Max M. Rappaport, his attorney, have appealed from an order of the district court refusing to allow them, respectively, $500 and $450, as recommended by the court's referee in bankruptcy. The district court expressly based its refusal on a lack of authority to make such an allowance.
 
 
 2
 It is agreed that the only issue on this appeal is one of law,-- as to whether a bankruptcy court has authority to allow fees to an assignee for the benefit of creditors, when the assignment for the benefit of creditors was followed by an involuntary petition in bankruptcy, in which bankruptcy proceeding a trustee was appointed.
 
 
 3
 Melvin Marks made an assignment for the benefit of creditors to S. Harvey Klein, on April 8, 1957. The assignee took possession of the assignor's assets, collected various accounts receivable, sold the assets at auction, made necessary disbursements for taxes and expenses, and thus realized the sum of $13,471.16. An involuntary petition in bankruptcy was filed against the assignor on April 26, 1957, and appellee Charles David Maley was subsequently appointed trustee in bankruptcy. The assignee turned over to the trustee the said sum of $13,471.16 without making any deduction for fees for himself or his attorney. The assignee filed his first and final account with the referee in bankruptcy, requesting an allowance of fees in the sum of $1,250 for himself and $750 for his attorney. The referee filed his report of proceedings had at the final meeting of creditors and recommended the allowance of a $500 fee to the assignee and a $450 fee to his attorney. The report of the referee was approved by the district court, except that these fees were disallowed.
 
 
 4
 1. The Bankruptcy Act, 11 U.S.C.A. 11, sub. a(21), expressly invests courts of bankruptcy with jurisdiction to 'determine the propriety and reasonableness of all disbursements made * * * by such * * * assignee, * * * either to himself or to others, for services and expenses under such * * * assignment * * * and * * *, unless such disbursements have been approved, * * * by a court of competent jurisdiction prior to the proceeding under this title, surcharge such * * * assignee, * * * the amount of any disbursement determined by the court to have been improper or excessive.'
 
 
 5
 It will be noted that the assignee, in the case at bar, did not disburse to himself and his attorney the fees here involved, but turned the proceeds of the disposition of the assignor's assets into the custody of the bankruptcy court, and then asked the court to determine and allow the fees.
 
 
 6
 We interpret 11 U.S.C.A. 11, sub. a(21) as authorizing the bankruptcy court to determine and allow such fees. If the assignee had disbursed assets of the assignor by payment of fees without the approval of a court of competent jurisdiction, said section would have authorized the district court to surcharge the assignee therefor, if the latter court determined the disbursement to have been improper or excessive. That being true, we think it follows that the district court had authority to determine and authorize the payment of proper fees to the assignee and his attorney, when the matter is presented initially to that court. In this setting the power to disapprove a payment made for the benefit of an estate which later comes under the jurisdiction of the bankruptcy court, implicitly includes the power to order such a payment for services rendered for the benefit of such an estate.
 
 
 7
 Accordingly, the district court erred in holding that it had no such authority. In Chase Bag Company v. Schouman, 6 Cir., 129 F.2d 247, the court relied on Randolph v. Scruggs, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165, and said:
 
 
 8
 'The rule stated in Randolph v. Scruggs, supra, to the effect that one contributing to the preservation or benefit of an estate in bankruptcy, by performing services or advancing credits, under certain conditions, in case of an assignment prior to bankruptcy, is to be preferred is well established. This is on the theory that the assignee has preserved the estate and by his action in so doing has incurred obligations which the subsequent trustee in bankruptcy would have had to incur. As pointed out in the Scruggs case, that is the rule in the state courts universally applied on the theory that 'beneficial services are allowed for they are to be regarded as deductions from the property which the assignee is required to surrender, and in that way they gain a preference.' * * *'
 
 
 9
 We find nothing in 11 U.S.C.A. 109, sub. d. relied on by appellee, which is inconsistent with our holding here.
 
 
 10
 2. Appellee urges that we have no jurisdiction of this appeal because leave to appeal was not obtained and a part of the order from which the appeal was taken involves a claim for allowance of a fee of $450, which is less than the jurisdictional requirement of $500 fixed by 11 U.S.C.A. 47, sub. a. However, it appears that the appeal is from an order involving two claimed fees, which together amount to $950. The point is not well taken.
 
 
 11
 For these reasons, the order from which this appeal has been taken is reversed and this cause is remanded to the district court for further proceedings not inconsistent with the views herein expressed.
 
 
 12
 Reversed and remanded with directions.