## Solis, Receiver, Appellant, v. Blank.

*Beneficial association—Beneficiaries—Creditors.*

A beneficiary named in a contract between a beneficial association and a member of the association, becomes after the death of the member a creditor of the association.

*Corporations—Foreign corporations—Receiver—Foreign attachment.*

The appointment of a receiver of a foreign corporation by a court of the state of its domicile, does not defeat foreign attachments issued in Pennsylvania by Pennsylvania creditors, after the appointment of the receiver.

*Foreign attachment—Foreign creditor and receiver—Attachment prior to receivership.*

A foreign attachment issued in Pennsylvania by a New York creditor of a New York corporation will be sustained in preference to the claim of a receiver appointed by the courts of New York, where the attachment is issued prior to the appointment of the receiver.

Argued April 1, 1901. Appeal, No. 33, Jan. T., 1901, by plaintiff, from decree of C. P. No. 2, Phila. Co., March T., 1899, No. 675, on bill in equity in case of Isaac N. Solis, Ancillary Receiver of the Order of United Friends, v. Hannah Blank, Sallie E. Hilt, Emma G. Grier, Rose M. Shaughnessy, Caroline Conroy, Fannie G. Haines, Sarah Jones, The Imperial Order of United Friends and the Third National Bank. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an injunction and for the appointment of an ancillary receiver.

Sulzberger, J., filed the following adjudication:

This cause came on for trial on November 20, 1899, and was duly heard on bill, answer and proofs.

### FACTS.

The plaintiff presented a request that the court find the following facts, which are hereby found by the court, to wit:

1. The Imperial Council of the Order of United Friends is a New York corporation, chartered on December 21, 1881, under the act of May 12, 1875, entitled "An act for the incorporation

of societies and clubs for certain lawful purposes," and also an act dated May 12, 1881, entitled " An act concerning charitable, benevolent and beneficial associations and societies as a corporation."

2. The legal location of the imperial council of the order was established in the city of Albany, county of Albany, in the state of New York.

3. The principal objects of the association were to unite and combine the efforts of all its members, to improve the condition of its membership, morally, socially and materially by kindly counsel and instructive lessons; to promote benevolence and charity by establishing a relief fund, from which a member of the association, who has complied with all the laws, rules and regulations, or a person or persons, by such a member lawfully designated, or the legal heir or heirs of said members, may receive a benefit in a sum not exceeding $3,000, which shall be paid when a member, by reason of disease or accident, shall become permanently disabled from following his or her usual, or some other, occupation, or upon satisfactory evidence of the death of such member, and when all the conditions regulating such payment have been complied with.

4. The association had power to make and levy such assessments upon grand and subordinate councils, or the subordinate membership as might seem necessary, to meet liabilities on account of the death or disabilities of members.

5. Grand and subordinate councils were established in various states of the union, including Pennsylvania.

6. When assessments were called, they were collected from the subordinate councils in the various states by the imperial recorder, and by him sent to the imperial treasurer of the Order of United Friends.

7. The plaintiff in the bill is the imperial treasurer of the Order of United Friends, and was so on April 11, 1899.

8. On April 11, 1899, upon the petition of a majority of the trustees, directors and managers of the Imperial Council of the Order of United Friends, and upon notice to the attorney general of New York, setting forth the insolvency of said order, at a special term of the Supreme Court, held in the city of Albany, New York, Isaac B. Barrett, Esq., was appointed tem-

porary receiver of said order, upon his executing and filing a bond in the penal sum of $57,000 ; said receiver was clothed with all the powers, and subjected to all the duties in section 1788 of the civil code of procedure. And it was further ordered that all who claimed to be creditors of said order be restrained from commencing any action against said order, and from further prosecuting any pending action.

On April 14, 1899, said receiver duly executed and filed his bond.

9. On April 15, 1899, said receiver made a formal demand upon the plaintiff as imperial treasurer of the Order of United Friends for the moneys in his hands as treasurer.

10. At that time there was in the hands of the plaintiff the sum of $32,175.49, standing to his credit as imperial treasurer on the books of the Third National Bank, in the city of Philadelphia ; said moneys belonged to the Imperial Council of the Order of United Friends, and did not belong to the subordinate council or grand council organized in the State of Pennsylvania ; the same were collected by assessment upon the membership at large of said imperial council in various states, and but fourteen per cent was contributed by councils in Pennsylvania, and but a small minority of said membership did then and now reside in the state of Pennsylvania.

11. The moneys so assessed and collected were collected for the purpose of paying all just claims of beneficiaries of deceased members, wherever resident, and were not specially collected to pay the claims of beneficiaries residing in Pennsylvania.

12. The said sum in the hands of the plaintiff constitutes about one fourth of the assets of the Order of United Friends, and the claims against said order amount to about $140,000.

13. On April 10, 1899, Rose M. Shaughnessy issued a writ of foreign attachment out of C. P. No. 2, of Philadelphia county, J. T., 1899, No. 8, and attached the funds in the hands of the plaintiff, and summoned the Third National bank as garnishee. Said attachment was served at 10 : 47 A. M., April 10, 1899.

14. The said Rose M. Shaughnessy is a citizen of the state of New York.

15. Subsequently similar writs of foreign attachment issued as follows :

At the suit of

Emma G. Grier, April 11, 1899, served 12.33 P. M. eo die.
Caroline Conroy, April 11, 1899,     11.45     "
Hannah Blank,   April 13, 1899,     11.20 A. M. "
Sallie E. Hilt,   April 14, 1900,     10.10     "
Sarah Jones,    April 17, 1900,            "
Fannie G. Haines, April 11, 1900,            "

All of said plaintiffs are citizens of the state of Pennsylvania.

Two attaching plaintiffs, including Shaughnessy, are beneficiaries of certificates maturing through the deaths of members prior to April 1, 1899.

16. On April 17, 1899, the plaintiff filed the present bill, setting forth that the preferences sought to be obtained by the attaching plaintiffs were inequitable, and prayed:

(1) That the court will declare the issuing of said writs of foreign attachment and the attempted preference sought thereby, to be illegal; and that the same shall be dissolved, or that they be required to interplead with an ancillary receiver when appointed.

(2) That an injunction issue, restraining the prosecution of said writs of attachment.

(3) That a receiver be appointed ancillary to the receivership of Isaac B. Barrett, and that such receiver be directed to collect and distribute the funds in the hands of your orator as imperial treasurer under the direction of the court.

(4) That all other persons, members or beneficiaries of members in the order, be enjoined from issuing process against the funds in the hands of your orator.

(5) That your orator be authorized and empowered to pay over to such ancillary receiver the funds in his hands to await further action of the court.

(6) Further relief.

17. There exists in the state of New York under her laws a method of winding up the affairs of insolvent corporations, and of equitably distributing its assets.

The court also finds the further fact:

18. By the laws of the state of New York, the filing of the receiver's bond relates back to the time of the receiver's appointment.

### OPINION.

The questions raised are the following:

1. Are the attaching plaintiffs creditors?

2. If they are, does the appointment of a receiver by a court of the state of New York defeat the attachments issued after such appointment by creditors not residing in the state of New York?

·3. If they are such creditors, is the attachment of Rose Shaughnessy, a resident of the state of New York, issued prior to the appointment of the receiver, defeated?

1. As to the first question, Are the attaching plaintiffs creditors? the plaintiff contends that they are not creditors, relying on Fraternal Guardians' Estate, 159 Pa. 594, and The Order of Tonti's Assigned Estate, 173 Pa. 464.

Those cases, however, are not in point. They decide the rights, as against each other, of several classes of members of an organization, one of said classes claiming also to be creditors.

In the present case none of the defendants were ever members of the corporation. They were beneficiaries—a totally different class: Dobson v. Hall, 1 Pa. Dist. Rep. 401. The right to the benefit was never in the member. It was in the beneficiary, and no one other than she could maintain an action for its recovery. She took in her own right alone as the beneficiary of the fund, and did not represent any right or interest of her deceased husband: Hamill v. Supreme Council of The Royal Arcanum, 152 Pa. 537–542, per GREEN, J.

The theory of the Supreme Court seems to be that by virtue of a contract between the corporation and the member, the former becomes, on the latter's death, bound to pay the stipu‧lated sum to the beneficiary, and this constitutes a debt.

"The legal acceptation of debt," says Blackstone (vol. 3, p. 154), "is a sum of money due by certain and express agreement," and still a more explicit definition is given in Stroud's Judicial Dictionary (p. 185): "A liquidated money obligation, for which, generally speaking, an action will lie (Webster v. Webster, 31 Beav. 393), but which obligation may be either legal or equitable."·

· And so Lord Justice LINDLEY, in Webb v. Stenton, L. R. 11 Q. B. Div. 526, said: "Is a trustee a debtor to his cestui

que trust? You cannot say he is unless he has got in his hands money which it is his duty to hand over to the cestui que trust; then, of course, he is a debtor, and there is no difficulty in attaching such a debt."

That the defendants are creditors seems to us quite certain.

The next question raised involved a determination of the effect of the action of the New York court in appointing a receiver for the plaintiff corporation on the ground of insolvency.

While a receiver has no extra-territorial authority, yet his appointment will, on the ground of comity, be recognized in Pennsylvania: (Bagby v. Atlantic, etc., R. R. Co., 86 Pa. 291.) This doctrine is subject, however, to the limitation that the receiver's claims do not come in conflict with the rights of citizens of our own state: Bagby v. Atlantic, etc., R. R. Co., 86 Pa. 294; Hilliard v. Enders, decided by the Supreme Court on July 12, 1900.

In accordance with this principle, it has been held that foreign attachment will lie at the suit of a salesman, resident of Pennsylvania, against a foreign corporation for a debt due him by the corporation, even though receivers have been appointed after the creation of the debt: Lett v. Thurber Whyland Co., 15 Pa. C. C. Reps. 666.

And where receivers were appointed in the district court of Columbia for an insolvent Virginia corporation, the court (McPherson, J.) declined to give this appointment such effect as would enable it to prevail over contemporaneous and subsequent attachments by Pennsylvania courts: Smith v. Fidelity Bldg., Loan & Investment Assn., 4 Pa. Dist. Rep. 317.

The whole question has been treated with his usual learning and thoroughness by Hare, P. J., in the case of Perkins v. Clear Spring Paper Co., 17 Phila. 168, decided by this court in 1885. He there uses this language: "It is accordingly well settled in Pennsylvania that when the claims of a foreign assignee are brought into conflict with those of our own citizens, the latter will have the preference, because it is hardly just, and certainly not expedient, to remit them to a distant jurisdiction for what is close at hand and can be obtained at home:" Milne v. Moreton, 6 Binney, 353.

Accepting this view, we are bound to decide in favor of those who are residents of Pennsylvania. Their attachments can-

not be defeated by the extra-territorial appointment of a receiver.

This leaves still to be determined whether Rose Shaughnessey's attachment can stand, she being a citizen of New York. Her proceedings were taken fully a day before the appointment of a receiver was made, but the order of the New York court is express in forbidding all persons to commence any action and to further prosecute or take any further proceedings in any action theretofore commenced and now pending. While our rule requires us to protect our own citizens, we ought not to stand between another state and its citizens, so as to enable the latter to defy the government to which they owe allegiance. This would be a breach of the rule of comity as we have established it: Perkins v. Clear Spring Paper Co., 17 Phila. 168; Bagby v. Atlantic, etc., R. R. Co., 86 Pa. 291.

And the fact that she was diligent cannot avail her here. She is subject to the order of the court of her own state, and if we awarded her the money, she would be held to refund it. Such a proceeding on our part inducing a multiplicity of actions, would be a breach of comity. We think, therefore, she must be referred to the courts of her own state for the determination of her rights, and that pending the decision of said courts, shall be restrained by injunction from prosecuting her claim under the attachment.

The prayer for the appointment of an ancillary receiver is granted, and such moneys in the hands of the imperial treasurer as are in excess of the amounts required to satisfy the claims of the defendants whose attachments have been sustained and the defendant Shaughnessey's attachment, should be paid over to him, when duly qualified; and Isaac N. Solis, Esq., is hereby appointed such ancillary receiver, security to be given by him in the sum of $40,000.

Exceptions filed to the adjudication by the receiver were subsequently dismissed and exceptions filed by the executor of Rose M. Shaughnessy were sustained and a decree was entered in part as follows:

That the order heretofore made appointing Isaac N. Solis receiver of the funds and assets of the Order of United Friends situate within the state of Pennsylvania and not bound by the attachments issued by the defendants in this

cause, is ratified, approved and confirmed, and that the prayers for an injunction against the defendants, Hannah Blank, Sallie E. Hilt, Emma G. Grier, Francis T. Giblin (executor of Rose M. Shaughnessy, deceased), Caroline Conroy, Fannie G. Haines and Sarah Jones, and all prayers for relief against them in said bill contained, be and the same are hereby refused; that the said plaintiff (treasurer of the corporation) be authorized to pay to the receiver so appointed the funds in his hands, except so much thereof as may be necessary to meet the attachments thereof by the said defendants with interest and costs, say all sums in excess of the sum of $25,000, and the Third National Bank be authorized and directed to honor his check for the same.

*Error assigned* was the decree of the court.

*Hampton L. Carson,* of *Jones, Carson & Beeber,* with him *George S. Graham,* for appellant.—The beneficiaries are not creditors: St. Patrick's Male Beneficial Society v. McVey, 92 Pa. 510; Fraternal Guardians' Assigned Est., 159 Pa. 594; Com. v. Equitable Beneficial Assn., 137 Pa. 412; Vanatta v. New Jersey Mut. Life Ins. Co., 31 N. J. Eq. 15; Order of Tonti's Assigned Est., 173 Pa. 464; Weingartner v. Charter Oak Life Ins. Co., 32 Fed. Repr. 314.

Where the laws of the domicil of a beneficial order provide a method for winding up its affairs when insolvent, and the society has availed itself of those laws, the attachments of beneficiaries, even though residents of the foreign state where the property attached is located, must be dissolved, and they be remitted to the state of the domicil for their remedy: Parsons v. Charter Oak Life Ins. Co., 31 Fed. Repr. 305.

As to the claim of Rose M. Shaughnessey, the attaching beneficiary, who resides in New York, and who began her attachment proceedings a day before the receiver was appointed, it is submitted that her attachment should be dissolved. The order of the New York court is express in forbidding all persons to commence any action or to further prosecute or take any further proceedings in any action theretofore commenced and then pending: Perkins v. Clear Spring Paper Co., 17 Phila. 168; Long v. Girdwood, 150 Pa. 413; Hilliard v. Ender & Co., 196 Pa. 587.

_Lewis Lawrence Smith,_ with him _David Werner Amram, Norris S. Barrett, Charles C. Lister_ and _Joseph Savidge,_ for certain appellees.—The attaching plaintiffs are creditors of the order : Dobson v. Hall, 1 Pa. Dist. Rep. 401 ; Hale v. Equitable Aid Union, 168 Pa. 377 ; Hamill v. Supreme Council of The Royal Arcanum, 152 Pa. 537 ; Bacon on Beneficial Societies, sec. 52 : Com. v. Wetherbee, 105 Mass. 161 ; Vanatta v. N. J. Mutual Life Ins. Co., N. J. Eq. 15 ; Elkhart Mutual Aid, etc., Assn. v. Houghton, 98 Ind. 150 ; Knights of Pythias v. Schmidt, 98 Ind. 380 ; Ash v. Guie, 97 Pa. 493 ; Stamm v. Northwestern Mutual Benefit Assn., 65 Mich. 317.

The attachments should be sustained against the foreign receivership : Warren v. Union Nat. Bank, 7 Phila. 156 ; Verona Tool Works v. Greely Co., 6 Pa. Dist. Rep. 638 ; Vogt et al. v. Covenant Bldg. & Loan Assn., 7 Pa. Dist. Rep. 768 ; Perkins v. Clear Spring Paper Co., 17 Phila. 168 ; Smith v. Fidelity Bldg. Loan & Investment Assn., 4 Pa. Dist. Rep. 317 ; Clark Co. v. Toby Valley Supply Co., 14 Pa. C. C. Rep. 344 ; Lett v. Thurber Whyland Co., 15 Pa. C. C. Reps. 666 ; Bagby v. Atlantic, etc., R. R. Co., 86 Pa. 291 ; Smith's App., 117 Pa. 30 ; Bacon v. Horn, 123 Pa. 452 ; Hilliard v. Enders & Co., 196 Pa. 587 ; Willitts v. Waite, 25 N. Y. 577 ; Runk v. St. John, 29 Barbour, 585.

_H. B. Gill,_ with him _John R. Read, Silas W. Pettit,_ and _Louis B. Runk,_ for Francis T. Giblin, executor of Rose M. Shaughnessy, deceased.—It is well settled that no effect in this state will be given to a judgment rendered in another state against a defendant, who has not been served with process, or not voluntarily submitted to the jurisdiction of the court : Rust's Appeal, 177 Pa. 340 ; Wernet's Appeal, 91 Pa. 319 ; Noble v. Thompson Oil Co., 79 Pa. 368.

If a suit had been brought, in which Mrs. Shaughnessy had been a party defendant, and a judgment rendered, or decree entered against her without service of process, the courts of Pennsylvania, in any suit brought to enforce the same, would disregard the judgment and permit the defendant even to deny the record of service and to make defense to the claim upon its merits : Price v. Schaeffer, 161 Pa. 530 ; Guthrie v. Lowry, 84 Pa. 533.

PER CURIAM, May 27, 1901:

We affirm the decree in this case on the very clear and satisfactory opinion of Judge SULZBERGER.

Decree affirmed.

199      609
23 SC ¹205

## Clapper *v.* Frederick.    Clapper *v.* Fluck.

*Gift—Promissory notes—Delivery.*

Without a complete delivery during the lifetime of the donor there can be no valid gift inter vivos. Though every other step be taken that is essential to the validity of the gift, if there is no delivery, the gift must fail. Intention cannot supply it; words cannot supply it; actions cannot supply it; it is an indispensable requisite, without which the gift fails regardless of consequence.

Where a woman whose two brothers are indebted to her on promissory notes, directs her brothers to deduct a certain amount from their respective debts, and to make several new notes of smaller amounts for the balance, payable to certain nephews and nieces, and directs one of her brothers who has charge of her other papers, to keep these notes, but gives no direction as to delivery, and does not inform the nephews and nieces of the existence of the notes, and after the death of her brother, directs another person to take charge of the notes without setting any time for their delivery, the nephews and nieces to whom the notes were made payable, cannot, after the death of their aunt, claim title to the notes, as the evidence of delivery is insufficient to establish a valid gift.

Argued May 13, 1901. Appeal, Nos. 171 and 172, Jan. T., 1900, by defendants, from judgment of C. P. Bedford Co., Dec. T., 1899, Nos. 42 and 43, on verdict for plaintiff in suits of Nathaniel Clapper, Administrator of Elizabeth Clapper, Deceased, v. Adam Frederick, and John B. Fluck, Executors of Daniel Stayer, Deceased, and against John B. Fluck and Jacob Koontz, Executors of John Stayer, Deceased. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on promissory notes. Before LONGENECKER, P. J.

At the trial the court directed a verdict in favor of plaintiff subject to the following question reserved:

There is not any evidence in this case to be submitted to the