# Frowert *v.* Blank.

*Foreign receivers—Pennsylvania creditors—Priority—Beneficial associations—Foreign associations.*

Until the assets of an insolvent corporation have been taken possession of by a receiver appointed by the court of the domicile of the corporation and while they are still within the state of Pennsylvania, a foreign receiver, by virtue of his appointment, is not in a position to assert his control over the assets, nor to exercise any authority over them as against domestic creditors.

The Pennsylvania holders of matured death certificates of a foreign insolvent beneficial association are entitled to payment out of a fund belonging to the association in Pennsylvania and in the hands of an ancillary receiver in the state, before the fund or any part of it is handed over to a receiver of the association appointed in the state of its domicile. Such holders are business creditors of the association, and not merely representatives of deceased members.

MITCHELL, J., dissents.

Argued Jan. 15, 1903.   Appeal, No. 256, Jan. T., 1902, by Isaac B. Barrett, receiver of the Order of United Friends, from order of C. P. No. 2, Phila. Co., March T., 1899, No. 675, dismissing exceptions to auditor's report in case of Charles G. Frowert v. Hannah Blank et al.   Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ.   Affirmed.

Exceptions to report of auditor Charles Henry Jones, Esq. The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Hampton L. Carson*, with him *M. W. Van Auken*, for appellant.

*Joseph A. Slattery*, with him *Joseph Savidge*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1903:

The Imperial Council of the Order of United Friends was a corporation created by and under the laws of the state of New York, with its principal place of business in the city of Albany in that state.   It was a fraternal beneficial association without

capital stock, and was authorized to insure its members against death and disability. To meet the liabilities thus incurred, it had power to make and levy the necessary assessments upon its members. Of the membership about 900 resided in Pennsylvania and nearly 5,000 elsewhere. Dr. Charles G. Frowert, a citizen of Pennsylvania, residing in Philadelphia, was the imperial treasurer of the corporation. The association, being insolvent, presented a petition to the supreme court of the state of New York, sitting at Albany, praying for the dissolution of the corporation and the appointment of a receiver of its property and effects. The court granted the prayer of the petition and, on April 11, 1899, appointed Isaac B. Barrett the receiver of the corporation. At this time Dr. Frowert, as imperial treasurer, had in his hands on deposit in the Third National Bank of Philadelphia, $32,175.49, collected from assessments upon all the members of the association, which sum he had received from the imperial recorder who resided in the city of New York. There were then about sixty-five death claimants, and only fifteen of these resided in Pennsylvania. On a bill filed in the court of common pleas No. 2 of Philadelphia county, on April 17, 1899, by Dr. Frowert, Isaac N. Solis was appointed ancillary receiver of the association in Pennsylvania. After paying the claims of certain attaching creditors out of the fund in his hands, Dr. Frowert paid the balance to the ancillary receiver. The latter having subsequently filed an account, the common pleas appointed an auditor to distribute the money in his hands. There were two claimants of this fund: one, Isaac B. Barrett, the New York receiver; the other, the creditors of the association residing in Pennsylvania. These creditors were beneficiaries of the corporation under certificates which had been issued to members of the order who subsequently died. The auditor awarded the fund to the creditors and the court below affirmed his adjudication. The receiver has appealed and alleges that the court below erred in not awarding the fund in the hands of the accountant to him as " receiver appointed in the state of New York, of the Order of United Friends." This is the only question in the case.

Solis v. Blank, 199 Pa. 600, decided by this court two years ago, was a bill filed by Dr. Frowert to restrain the prosecution of certain writs of foreign attachment which had been issued

in the common pleas of Philadelphia county by Pennsylvania creditors against the funds in his hands as imperial treasurer, and for the appointment of an ancillary receiver of the association. The court refused the injunction but appointed Solis ancillary receiver of the corporation and directed Frowert to pay to him such moneys in his hands as were in excess of the amounts required to satisfy the claims of the attaching creditors. The judgment of the court below was affirmed, and we there held that the beneficiary named in the contract in this case becomes, after the death of the principal, a creditor of the association; and that the appointment of a receiver of a foreign corporation by a court of the state of its domicile does not defeat foreign attachments issued in Pennsylvania by Pennsylvania creditors after the appointment of the receiver. In the present case the learned counsel for the appellant asks us to decide that the holders of matured certificates, who were determined in Solis v. Blank to be creditors of the association are not business creditors and hence do not have the rights of such creditors to participate in the fund for distribution. His argument is based upon the proposition that " in point of fact, they (the beneficiaries) are but ' representatives ' of deceased members of a beneficial association." We have ruled directly the reverse of that proposition and for that reason have held the beneficiary under the matured certificate to be a creditor of the corporation. In discussing the right of the beneficiary to the fund secured by the certificate and the relation of the deceased member to it, in Hamill v. Supreme Council, 152 Pa. 537, Justice GREEN said: " The deceased never had any right to the benefit which was to be paid to his wife. It was hers and hers only, payable to her exclusively, and, of course, no one but she could maintain any action for its recovery. She is a living person and no other person ever had or could have the right to recover this money. As between her and the defendant there is a clear contention as to whether the funds shall be paid by the defendant to her, and there is no contention, and cannot be, upon that subject, as between the defendant and the legal representatives of the deceased. The plaintiff is not such a representative. She takes, if she takes at all, in her own right alone as the beneficiary of the fund, and she does not represent any right or interest of her deceased husband in the fund. She

represents herself and her own rights only in the subject in controversy." We have no doubt that on the death of a member of the association an indebtedness is created in favor of the beneficiary which makes him a creditor, entitled to all the rights and remedies as such to enforce his claim against the assets of the corporation.

The appellant here is receiver of an insolvent corporation of New York, and was appointed by a court of that state. By virtue of that authority he claims the assets of the corporation within this jurisdiction regardless of, and against, the claims which resident creditors have against the corporation. But this position is not tenable. It ignores the well settled principle that a receiver of a corporation possesses no power or authority beyond the jurisdiction of the court appointing him. His powers are necessarily circumscribed by the territorial limits of the jurisdiction that created him. This rule, it is true, has been relaxed by modern decisions so as to permit a receiver on the principle of comity to exercise in another state the functions vested in him by his appointment, but this is permitted only where it will not violate public policy or infringe or defeat the rights of domestic creditors. Such we believe to be the well settled doctrine in this country, recognized alike by state and federal courts. In 13 Am. & Eng. Ency. of Law (2d ed.), 912, it is said : " Every state owes a duty to its citizens to protect them in the assertion of their claims against insolvent bodies by retaining within its own jurisdiction and control such of their property as may be there located until the just claims and rights of its own citizens have been satisfied, and therefore this comity or favor will not be indulged where to grant it would permit the receiver to take the property out of a state to the injury of domestic creditors." Mr. Beach in his work on Receivers, section 268, says : " The effect of the appointment of a receiver upon the property of the defendant in another state and the power and rights of the receiver there are founded solely on the principle of comity, which is a rule of courtesy and favor recognized and enforced between the courts of the several states, but which is never extended or enforced to embarrassment or loss to local creditors." In Catlin v. Plate Co. (Ind.), 18 Am. St. Rep. 338, Chief Justice MITCHELL speaking for the court says : " In Hurd v. City of Elizabeth, 41 N. J. L. 1,

the court said: 'That the officer of a foreign court should not be permitted, as against the claims of creditors resident here, to remove from this state the assets of the debtor, is a proposition that appears to be asserted by all the decisions.' The principle upon which the decisions rest, is that it is the policy of every government to retain within its control the property of a foreign debtor until all domestic claims have been satisfied, and hence the right of the. receiver of a foreign court to sue, which is allowed only upon consideration of comity, will be denied when it comes in conflict with the interests of domestic creditors." In Hurd v. City, referred to in the Catlin case, it is also said in the opinion of the Chief Justice: "It (authority of receiver conferred by his appointment) could not be exercised in a foreign jurisdiction to the disadvantage of creditors resident there, because it is the policy of every government to retain in its own hands the property of a debtor until all domestic claims against it have been satisfied." In discussing the authority of a receiver in another jurisdiction than that of the domicile of the corporation, in Holbrook v. Ford (Ill.), 46 Am. St. Rep. 917, Justice MAGRUDER delivering the opinion says: " A foreign receiver, holding his office by operation of a foreign law, will not be allowed to maintain a right of action against the assets of an insolvent debtor in this state as against a creditor resident in this state." And New York, the state whose receiver asks that this fund be transferred to its jurisdiction as against the citizens of this state who are creditors of the New York corporation, has declared by her highest court that she will permit a foreign receiver to sue in her courts only where the claim does not conflict with the rights of citizens of that state: Willitts v. Waite, 25 N. Y. 577; Peterson v. Chemical Bank (N. Y. ), 83 Am. Dec. 298.

It is contended, however, by appellant that the facts of this case take it out of the rule recognized in the foregoing authorities in that the domestic creditors "issued no process, acquired no lien, and made no demand for payment out of the funds in the hands of the ancillary receiver until after that fund had been demanded by the receiver." Mr. Beach (Receivers, section 261), citing authorities to sustain the text, thus defines an ancillary or auxiliary receiver: " In general an auxiliary receiver is merely a custodian of the property within the state where he is appointed, for the purpose of preserving the assets

belonging to the party or corporation proceeded against within the state, in order that creditors may reach them without being compelled to go to a foreign jurisdiction to prove their claims." When the funds of the insolvent corporation in Pennsylvania were placed in the hands of the ancillary receiver, they were subject to the claims of the creditors of the corporation in this state. The New York receiver had no lien upon them and could not take possession without authority of the court which, as has been seen, would not be granted as against the rights of domestic creditors. The claims of these creditors were duly presented to, and proved before, an auditor appointed by the court while the funds were still in the hands of the re- ceiver and within this jurisdiction and hence subject to the orders of the court. Until the assets of an insolvent foreign corporation have. been taken possession of by a receiver appointed by the court of the domicile of the corporation and while they are still within the domestic jurisdiction, a foreign receiver, by virtue of his appointment, is not in a position to assert his control over the assets, nor to exercise any authority over them as against domestic creditors. The manner in which payment may be enforced by domestic creditors is immaterial and necessarily depends upon the character of the assets and how and by whom they are held. The appointment of a receiver here and his possession of the funds kept them within the jurisdiction of the court and subject to its order. No attachment or other process could avail to reach the money in the hands of the receiver. The creditors here had but one course to pursue to enforce their claims against the money in the hands of the ancillary receiver and that was to prove them before the auditor appointed to distribute the fund. This was in effect, an action to recover the amount of the indebtedness due the claimants, and it was instituted before the foreign receiver had obtained possession of the debtor's assets here and before his claim to them had been recognized in this jurisdiction. Payment of the claims was thus properly enforced against the assets of the insolvent corporation in this state. We think there was no error committed by the court below in awarding the funds in the hands of the ancillary receiver to the domestic creditors as against the claim of the foreign receiver.

The assignments of error are overruled and the decree is affirmed. MITCHELL, J., dissents.