## Hagerling, Appellant, *v.* Pension Mut. Life Insurance Co.

*Beneficial societies—Insurance—Withdrawal contract — Illegal contract—Acts of April 6, 1893, P. L. 10, and July 2, 1895, P. L. 430.*

Where the laws of a beneficial society chartered under the Act of April 6, 1893, P. L. 10, do not provide for withdrawals, but the society issues 318 policies or certificates of membership on the

170, (1917).]    Syllabus—Statement of Facts.

backs of each of which are endorsed a return value contract, for which contract there was no consideration, and for the payment of which no fund was provided and also issues 2,000 certificates on which no such contract is endorsed, and it appears that the funds of the society in the hands of the trustee are not sufficient to pay all of the certificates issued, the holder of a certificate with a return value contract endorsed on it cannot recover from the trustee the withdrawal value specified on the back of the certificate.

In such a case whatever right the plaintiff may have under his contract, he is bound as a member of the association, to aid in the performance of its contracts with other persons, and equity does not permit him to recover at the expense of the society's creditors.

Argued April 26, 1917.    Appeal, No. 114, April T., 1917, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1916, No. 845, discharging rule for judgment for want of a sufficient affidavit of defense in case of John C. Hagerling v. Pension Mutual Life Insurance Co., Trustee of American Life & Annuity Society now Pension Life Society.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit to recover withdrawal value endorsed on the back of a certificate of membership in a beneficial association.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim, and of the affidavit of defense were summarized by CARPENTER, J., as follows:

Plaintiff avers that defendant is indebted to him in the sum of $936 with interest from December 1, 1915. He sets out at length the facts upon which his claim is based.    He alleges that on November 7, 1903, a charter was granted by the Court of Common Pleas No. 2 of this county to the American Life and Annuity Society, a secret, fraternal beneficial society, under the provisions of the Act of Assembly approved April 6, 1893. He avers that although incorporated as a fraternal or-

ganization it was not operated as such but was engaged in the business of insurance. He avers that on October 29, 1910, the charter was amended by changing the name to Pension Life Society and that on July 29, 1911, an agreement was made and subsequently executed January 13, 1912, between the Pension Life Society and the Pension Mutual Life Insurance Company, by which the two were consolidated, and that the Pension Mutual became trustee to take and hold the assets of the Pension Life Society and carry out its contracts. Plaintiff further avers that prior to December 5, 1903, he became a member of the American Life and Annuity Society, and that on said date two certificates or policies were issued to him, copies of which he attaches to and makes part of his statement of claim. He avers performance of his contract and payment of all obligations resting upon him. He also attaches to and makes part of his statement of claim, a copy of the constitution and laws of the society. He further avers that under and by the terms of said policies or certificates and the laws of the society and of the State he had the right to withdraw from the society and receive the withdrawal value of said policies or certificates. The right to demand said withdrawal value is predicated on the fact that on the back of the principal policy or certificate is printed the withdrawal values, and that he was assured by the officers, agents and representatives of said society that he could withdraw a stated amount in accordance with the schedule of withdrawal values, and that this assurance was a principal inducement to him to join the society. He then sets out that prior to December 1, 1915, he made application to the Pension Mutual Life Insurance Company Trustee, for the withdrawal value due and owing, to wit: $864 and $72, or in all $936; and that payment was refused.

The affidavit of defense admits the statements respecting the organization of the American Life Annuity Society and avers that it had no capital stock, each policy-

holder being a member and having the same interest as other stockholders. Defendant also admits that the policies or certificates in suit were issued; that the contract of July 29, 1911, redated January 13, 1912, was executed but denies that any consolidation or merger took place. It is admitted that the schedule showing withdrawal values is printed on the back of Exhibit "B." There is no withdrawal value schedule on Exhibit "C." Defendant denies the authority of any agent or officer to bind the corporation by promises or statements respecting withdrawal values and denies that any such statement was the inducement to plaintiff to become a member of the Pension Life Society. It is also denied that plaintiff, even if otherwise entitled to recover, is entitled to the sum of $864 on account of Exhibit "B." Liability on Exhibit "C" is denied.

Defendant expressly denies the authority of the society to issue two classes or kinds of policies or certificates and sets out that there are 318 outstanding having the schedule of withdrawal values endorsed thereon and approximately 2,000 on which no endorsement appears.

It is not necessary to discuss in detail the several questions presented in the arguments of counsel. The charter of the American Life and Annuity Society does not authorize the making of any contract to pay withdrawal values of benefit certificates; it does not authorize the society to issue life insurance policies but does authorize payment of death benefits to relatives or dependents of deceased members, and also authorizes the issuance of policies for the protection of members in case of sickness, old age, accidents, etc.

As above stated, one certificate in suit has no endorsement showing withdrawal value, and to hold that the representations alleged to have been made by an agent or officer of the society fastened upon it the liability now alleged would be tantamount to reading into the certificate a new and distinct contract. In so far as the certificate that has the withdrawal endorsement is con-

174 HAGERLING, Appel., *v.* PENSION MUT. L. INS. CO.

Statement of Facts—Opinion of the Court. [68 Pa. Superior Ct.

cerned, it is sufficient to say that the demand of plaintiff exceeds the amount to which he would be entitled, even if his contention is correct. For the reasons above stated and others that fairly arise under the pleadings, I am of opinion that plaintiff's rule for judgment should be discharged, and it is so ordered.

*J. A. Langfitt,* with him *H. W. McIntosh,* for appellant.—We submit that the endorsements are part of the contract of insurance, and binding upon the American Life and Annuity Society, and its successors: Fire Association v. Williamson, 26 Pa. 196; Desilver v. State Mut. Ins. Co., 38 Pa. 130; Girard Life Ins., Etc., Co. v. Mut. Life Ins. Co., 97 Pa. 15; White v. Empire State D. of H., 47 Pa. Superior Ct. 52.

Withdrawals are contemplated by the Act of April 6, 1893, and are not ultra vires.

In any event the doctrine of ultra vires cannot now be invoked: Wright v. Pipe Line Co., 101 Pa. 204; Pittsburgh v. Goshorn, 230 Pa. 212.

The premiums and assessments paid by plaintiff formed the consideration. The contract is entire, and the premiums were not apportioned: Gottsman v. Penna. Ins. Co., 56 Pa. 210.

*Stephen Stone,* with him *Russell J. Esler* and *A. Wilson McCandless,* for appellee.

OPINION BY HENDERSON, J., October 8, 1917:

The learned judge of the trial court refused judgment for want of a sufficient affidavit of defense for the reason that the American Life and Annuity Society lacked authority to issue a benefit certificate containing a return value contract. It was not alleged that the laws of the society authorized such payment, nor did the certificate on its face make reference to such a contract. It was claimed that the liability arose by reason of a printed endorsement on the back of the policy of a mem-

orandum showing the return value of the policy at stated annual periods. · It is asserted in the affidavit of defense that 318 of such certificates were issued and that there were about two thousand certificates issued on which there was no such endorsement. It is averred that no consideration was paid by the holders of such certificates because of such endorsement and the alleged contract arising therefrom, and it appears that the same rate of assessment was charged on all of the certificates issued by the association. If the policy is to be treated as a life insurance contract, as contended by the appellant, the Act of July 2, 1895, P. L. 430, prohibiting discrimination between insurance of the same class and equal expectations of life would seem to apply to the plaintiff's policy. If the statute applies only to corporations which are strictly life insurance companies, the plaintiff must rely on the powers granted by the Act of April 6, 1893, P. L. 10, under which it was incorporated, and the rules and regulations adopted by it. The object of the organization as set forth in the chapter was to aid and assist its members by the payment of death benefits to the relatives or dependents of deceased members, and for that purpose to create a benefit fund; to issue certificates of insurance; to issue policies for the protection of its members in case of illness, old age, accident or total disability, and funeral benefits, and to inculcate among its members a fraternal feeling, and to assist members in need and distress. Neither in the charter nor in the rules and regulations is any provision made for the withdrawal by a member of the fund which he had paid into the order.

But if it be conceded that the association had authority to issue certificates containing withdrawal value contracts, another view of the case supports the judgment of the court below: The plaintiff was a member of the organization issuing the certificate and therefore is charged with knowledge of its objects and its mode of business. It was not a corporation for profit but for

mutual aid as provided for in its charter. The assessments paid by the members were not paid to be held by the association for its own advantage or profit, but were to be paid out to persons entitled thereto under the obligations assumed by it. The beneficiary named in a certificate became a creditor of the corporation on the death of the insured, and liability arose from time to time in this way. It is averred in the affidavit of defense that the assets of the society were not sufficient to meet the liabilities on the 318 return value certificates if they are to be treated as valid contracts; as a result of which the creditors of the association who are beneficiaries under certificates issued, would receive nothing or would be put on the same level with the members of the association who were withdrawing funds which they had paid in for the purpose of meeting the indebtedness of the society with respect to benefits to be paid to beneficiaries named in the certificates. In such a state of the case members holding certificates with the return value endorsement thereon could take from the creditors of the society a large proportion of the fund which was provided to be paid to them. It is averred in the affidavit, and the averment seems not to be disputed, that there was no fund set apart to meet a provision for a return of assessments paid to members. The assessments were not sufficient to meet the obligations of the society on the losses occurring from time to time, as a result of which it was unable to transact its business and entered into the trust contract set forth in the statement of claim. The undisputed showing in the affidavit of defense of the assets and liabilities of the society makes it evident that an insufficient sum was collected from the members to cover the policies having the return value endorsement and the liability arising under the other policies. In such circumstances a certificate holder would only be entitled to receive payment of his matured certificate when the assets are sufficient to pay it and to meet the obligations arising under other con-

tracts issued by the society. It would be manifestly unjust to pay this member the full amount of his claim and leave the society without resources to meet its obligations to its numerous creditors. Whatever right the plaintiff may have under his contract, he is bound as a member of the association to aid in the performance of its contracts with other persons, and equity does not permit him to recover at the expense of the society's creditors. Fraternal Guardian's Assigned Est., 159 Pa. 594; Order of Tonti's Assigned Est., 173 Pa. 464; Frowert v. Blank, 205 Pa. 299.

The contract relied upon by the plaintiff was made with the defendant as trustee, and the funds received by it were to be administered in accordance with the obligations of the American Life and Annuity Society. As no fund was created for the payment to a member of the withdrawal value of a policy, nothing came into the hands of the trustee to meet such an obligation and the case is unlike Sheets v. Protected Home Circle, 256 Pa. 172, in this respect. In that case there was a fund for the payment of money to members who reached the age of permanent physical disability, and the organization bound itself to distribute this fund in accordance with the laws of the order and the rights of the claimant under the contract.

We conclude, therefore, that the court was not in error in refusing judgment for want of a sufficient affidavit of defense.

The judgment is affirmed.