# Howard R. Smith v. Electric Machinery Co., Defendant, A. F. Bornot Bros. Co., Garnishee, Appellant.

*Foreign attachment — Receiver appointed by Federal Court — Conflict of laws.*

A foreign attachment properly issued and served upon a garnishee will not be dissolved because of the prior appointment of a receiver for the defendant by a District Court of the United States in another state.

The powers and rights of a foreign receiver will be recognized on the principles of comity, but this principle will never be extended or enforced to the embarrassment or loss to local creditors.

Submitted March 17, 1924. Appeal, No. 311, Oct. T., 1923, by defendant, from judgment of No. 3, Phila. Co., June T., 1920, No. 1552, on a verdict in favor of the plaintiff, and against the garnishee, in the case of How-

ard R. Smith v. Electric Machinery Co., Defendant, A. F. Bornot Bros. Co., Garnishee. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Foreign attachment issued by plaintiff against defendant and garnishee. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court below directed that a verdict be rendered against the garnishee, and entered judgment thereon. Garnishee appealed.

*Error assigned* was, inter alia, the directing of a verdict in favor of the plaintiff, and against the garnishee, and the refusal of binding instructions in favor of the garnishee.

*W. Horace Hepburn, Jr.,* for appellant.—The court below erred in not observing the principle of comity and recognizing the foreign receiver: Converse v. Hamilton, 224 U. S. 242.

*W. B. Gery,* for appellee.

OPINION BY TREXLER, J., April 21, 1924:

Howard R. Smith was employed by the Electric Machinery Company, the defendant, and as their agent sold to A. F. Bornot Bros. Company certain machinery. The Electric Machinery Company was placed in the hands of a receiver by the District Court of the United States in Minnesota and Smith being a creditor of the company for services rendered issued a foreign attachment, attaching the balance due from the Bornot Company to the Electric Machinery Company. After proper pleadings the matter came to trial. The garnishee, the Bornot Company, offered in evidence a certified copy of the proceedings of the Federal District Court of Minne-

sota showing the appointment of a receiver for the Electric Machinery Company. The court rejected the offer and ruled that the appointment of a receiver did not affect the validity of the foreign attachment issued and judgment was accordingly rendered against the garnishee for the amount still due to the Electric Machinery Company. There seems to have been abundant authority for the position taken by the lower court. Our Supreme Court has decided that while a receiver has no extraterritorial authority, yet his appointment will, on the ground of comity, be recognized in Pennsylvania, subject, however, to the limitation that the receiver's claims do not come in conflict with the right of citizens of our own state. Such appointment will not prevail over contemporaneous and subsequent attachments by Pennsylvania courts. When the claims of a foreign receiver are brought into conflict with those of our own citizens, the latter will have the preference, because it is hardly just, and certainly not expedient, to remit them to a distant jurisdiction for what is close at hand and can be obtained at home. Whilst on the principle of comity the powers and rights of a foreign receiver will be recognized, this principle is never extended or enforced to the embarrassment or loss to local creditors. See Solis v. Blank, 199 Pa. 600; Frowert v. Blank, 205 Pa. 299. That the appointment of this receiver was by a federal court we do not think affects the question. The judgments and decrees of the federal courts sitting in a particular state, are to be accorded such effect only as would be accorded in similar circumstances by the judgment and decrees of a state tribunal of equal authority: Hancock Nat. Bank v. Farnum, 176 U. S. 640.

The assignments are overruled and the judgment is affirmed.