## Perfection Tire and Rubber Co. v. George Tire Service Co.

*Courts — Comity — Receivers—Actions by foreign receivers in Pennsylvania.*

1. The courts of Pennsylvania recognize the right of a foreign receiver to sue in this State on the ground of comity, provided his claims thereunder do not come into conflict with the rights of citizens of our own State.

2. The courts of Pennsylvania do not recognize any distinction with reference to the extension of comity as between receivers who have an assignment of property, and hold title thereto, and those who are simply agents or officers of the court under its general equity power.

3. The presumption in Pennsylvania is that comity exists, and a receiver appointed by the Court of Chancery of the State of Delaware, having proved his appointment with "power to prosecute and defend . . . all claims or suits," may maintain an action in Pennsylvania, unless it be shown that his claim will come into conflict with the rights of citizens of our own State.

Motion for new trial. C. P. Dauphin Co., June Term, 1922, No. 401.

*Metzger & Wickersham,* for plaintiff; *Wickersham & Neely,* for defendant.

HARGEST, P. J., July 28, 1924.—This case resulted in a verdict for the plaintiff, whereupon a motion for a new trial was made, assigning a number of reasons. The only reason requiring consideration is that the court erred in refusing to grant a non-suit on the ground that the plaintiff had not established its right to sue in this jurisdiction.

There was a former trial of this case, which also resulted in a verdict for the plaintiff. On the former trial we allowed an amendment of the plaintiff's name by adding "in the hands of Paul S. Jenkins and Charles C. Keedy, Receivers." No authority appointing the receivers was then submitted, and in an opinion subsequently filed, we concluded that our action in allowing the amendment without such authority was improvident. A new trial was, therefore, granted.

Subsequently the plaintiff presented a formal petition, asking that the caption be amended to add "in the hands of Charles C. Keedy, Receiver," instead of "in the hands of Paul S. Junkins and Charles C. Keedy, Receivers,' averring that the said Paul S. Junkins (who had appeared up to that time in the record as Jenkins) was only an ancillary receiver for Iowa, and not a necessary party to the suit in the State of Pennsylvania. The defendant agreed that the rule granted upon the petition to amend should be made absolute, and the amendment was accordingly allowed.

Upon the second trial the plaintiff offered an exemplification of the record of the appointment in the Court of Chancery of the State of Delaware, in and

for the County of Newcastle, of Charles C. Keedy as Receiver of the Perfection Tire and Rubber Company, in which the said receiver was given power to "take charge of the assets, effects, business and affairs thereof, and to collect the outstanding debts, claims and property due and belonging to the defendant, with power to prosecute and defend in the name of said corporation or otherwise all claims or suits; and, subject to the approval of this court, to do all other acts which might be done by the said corporation as may be necessary and proper, until further order of this court."

The corporation is also required to deliver over to the receiver "the estate, property and effects of said corporation, including its records, books and accounts, etc., touching the same."

The defendant's principal contention now is that comity to sue in a foreign jurisdiction extends only to a receiver who has an assignment of the property of the corporation to him and the title thereof vested in him, and that where the receiver is simply an agent or officer of the court under its general equity powers, he cannot sue: 23 Ruling Case Law, § 141; Edwards v. National Window Glass Jobbers Ass'n, 139 Fed. Repr. 795; Hilliker v. Hale, 117 Fed. Repr. 220.

This is a distinction and refinement which we do not understand has been recognized in the courts of Pennsylvania, and, therefore, we shall not undertake to decide whether the order appointing the receiver makes him the assignee of the corporate property and vests the title in him, or whether he is simply the officer and agent of the court. In any event, he is authorized "to prosecute and defend in the name of the corporation or otherwise all claims or suits," and "to do all other acts which might be done by the corporation as may be necessary and proper." This gave him authority to sue as far as the court of Delaware, the domicile of the corporation, could invest him with that authority. It could not give him the right to sue in Pennsylvania, and he acquires that right only by comity.

As we held in the first opinion filed in this case, the courts of Pennsylvania recognize the right of a foreign receiver to sue in this State on the ground of comity, "provided his claims thereunder do not come into conflict with the rights of citizens of our own State:" Bagby v. Atl., Miss., Ohio R. R. Co., 86 Pa. 291; Filley v. Organ Co., 3 Kulp, 396; Hintermeister v. Organ Co., 3 Kulp, 490; Smith v. Electric Machinery Co., 83 Pa. Superior Ct. 143.

The rule of comity is well stated in Franzen v. Zimmer, 35 N. Y. S. 612, 90 Hun (N. Y.), 103, as follows: "Courts of justice in one state will, out of comity, enforce the laws of another state when by such enforcement they will not violate their own laws or inflict an injury on someone of their own citizens. This rule contributes largely to produce friendly intercourse between the states and individuals. It permits them to sue in each other's courts and to travel and transact all kinds of business in each other's territory when they are not prevented by some positive law of the state:" Mast v. Stover Manuf. Co., 177 U. S. 485.

The defendants also contend that, not only must the authority of the receiver to sue in his own state be shown, but that the comity must be affirmatively shown to exist between this State and the state of his appointment.

In Bank of Augusta v. Earle, 13 Pet. 519, 590, the Supreme Court of the United States said: "The intimate union of these states as members of the same great political family, the deep and vital interests which bind them so closely together, should lead us, in the absence of proof to the contrary, to presume a greater degree of comity and friendship and kindness towards one another than we should be authorized to presume between foreign nations.

Perfection Tire and Rubber Co. v. George Tire Service Co.

And when (as without doubt must occasionally happen) the interest or policy of any state requires it to restrict the rule, it has but to declare its will and the legal presumption is at once at an end.  But until this is done, upon what grounds could this court refuse to administer the law of international comity between these states?  They are sovereign states; and the history of the past, and the events which are daily occurring, furnish the strongest evidence that they have adopted towards each other the laws of comity in their fullest extent."

This State has not by any statute determined that its interest or policy requires it to restrict the rule of comity, and, therefore, the presumption is that comity exists until it is shown otherwise.

It has not been shown to us that prosecution of this suit to judgment would "come into conflict with the rights of citizens of our own State."

For these reasons, we think that when the defendant offered in evidence the exemplification of the order of the Court of Chancery of the State of Delaware, giving him "power to prosecute or defend in the name of the corporation or otherwise all claims or suits," he sufficiently established the right to carry on this suit which was begun by the corporation before the appointment of the receiver.

Now, July 28, 1924, the motion for a new trial is hereby overruled, and judgment is directed to be entered on the verdict upon the payment of the jury fee.                    From Sidney E. Friedman, Harrisburg, Pa.