## Petition of ANDREW DUTTON CO.

## In re CABEL UPHOLSTERING CO.

(Circuit Court of Appeals, First Circuit. January 26, 1926.)

No. 1899.

Bankruptcy ⟨⟩347—Creditor, taking over assets before bankruptcy and without assignment, held entitled to preferred claim for expenses incurred.

Creditor, which without an assignment and before bankruptcy took possession of insolvent company's assets and administered them for benefit of creditors, *held* entitled, under Bankruptcy Act, § 64b (Comp. St. § 9648), to preferential claim for expenses incurred, which were beneficial to the estate or necessary for its preservation.

Petition to Revise in Matter of Law the Proceedings of the District Court for the District of Massachusetts; Elisha H. Brewster, Judge.

In the matter of the Cabel Upholstering Company, bankrupt. A petition by the An-

drew Dutton Company to review the referee's order dismissing the petition of the Andrew Dutton Company, as creditor, for attorney's compensation and expenses, was dismissed, and order affirmed (6 F.[2d] 1019), and the Andrew Dutton Company petitions to revise in matter of law.   Reversed and remanded.

Samuel J. Freedman, of Boston, Mass., for petitioner.

J. J. Silverman, of Boston, Mass., for respondent.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.   This is a petition to revise in matter of law.   It arises out of the dismissal by the referee, without hearing evidence, of a petition of the Andrew Dutton Company.   This petition (summarized) is to the effect that the petitioner was a creditor of the bankrupt to the amount of $5,836.66; that on January 28, 1924, the officers of the Cabel Upholstering Company, now the bankrupt, advised the petitioner of the concern's financial situation, and asked the petitioner to take possession of its assets and administer them for the benefit of its creditors; that as a result, after conference, possession was taken by the petitioner and a meeting of the Cabel Company's creditors called; that the petitioner was made chairman of a creditors' committee, and took and held possession of the assets for the benefit of all its creditors; that on February 7, 1924, in order to preserve said assets, a friendly attachment was by the petitioner placed on all the tangible assets under a writ of ad damnum of $25,000; that on February 28, 1924, an involuntary petition was filed against the Cabel Company; that, pending action thereon, the petitioner continued to care for the assets and incurred expense in the administration of his trust in so doing; that on the same date it caused its attorney to apply to the bankruptcy court for the appointment of a receiver; that on hearing the petition for receiver was denied, and the petitioner was ordered by the court to preserve the assets for the benefit of all the creditors; that the petitioner did so preserve them until, on adjudication on March 13, 1924, a receiver was appointed by the bankruptcy court, to whom the petitioner then turned over assets of the alleged value of .$20,238, subsequently liquidated for about $15,000. As a summary, the petitioner therefore alleges that from January 28, 1924, to March 13, 1924, it was in charge of and cared for and preserved the assets for the benefit of all the creditors, and incurred expense necessary to the proper administration thereof, including an account to audit the books, counsel to advise him as to the proper methods of administration, besides stenographic services, etc. The petitioner prays for an allowance of $1,100 for expenses thus incurred in preserving the property for the benefit of all the creditors.

At the hearing before the referee, no evidence was presented; but the referee ruled, apparently as matter of law, that the petitioner was not entitled to be paid for any of the expenses incurred by it as set forth in its petition.

The referee's decision was, in a brief opinion, affirmed by the District Court, apparently on the ground that, as no assignment was made to the petitioner, and as the alleged services were incurred for the most part prior to the filing of the petition, no allowance could be made under section 64b of the Bankruptcy Act (Comp. St. § 9648).

We think this decision was wrong.   On the face of the petition the case falls within the doctrine of Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165.   The evidence should have been heard by the referee and the facts found and reported to the District Court.   But, assuming (of course without deciding) that the facts were substantially as alleged in the petition, it cannot be said that, as matter of law, the expenses incurred by this petitioner were not beneficial to the bankruptcy estate or necessary for its preservation.

Randolph v. Scruggs, decided in 1903, dealt with claims arising out of an assignment for the benefit of creditors, preceding bankruptcy.   It was there held that services rendered and expenses incurred by the voluntary assignee, which were actually beneficial to the estate, might be allowed as a preferential claim.   The principle there laid down is controlling in this case.   See, also, In re Morris & Rice (D. C.) 258 F. 712; In re Hays, 181 F. 674, 104 C. C. A. 656; Chase et al., Petitioners, 124 F. 753, 59 C. C. A. 629.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion.   The petitioner recovers costs in this court.