Circuit Court of Appeals, Second Circuit. March 5, 1928.

No. 190.

Appeal from the District Court of the United States for the Eastern District of New York.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Decree (25 F.[2d] 516) affirmed, with costs.

---

In re HALL.

District Court, W. D. Pennsylvania. February 8, 1928.

No. 13320.

1. Bankruptcy ⊚⟹227—Petition for review on referee's certificate held prematurely filed, where only order was one allowing additional testimony to be taken.

Where only order made by referee in bankruptcy was one allowing additional testimony to be taken, petition for review on referee's certificate was prematurely filed.

2. Assignments for benefit of creditors ⊚⟹44—Common-law assignment for benefit of creditors is not good as against dissenting creditors.

A common-law deed of assignment for the benefit of creditors is not good as against dissenting creditors.

3. Bankruptcy ⊚⟹317, 347—Services and expenses of voluntary assignee, beneficial to estate, may be allowed as preferred expenditure claim.

Services rendered and expenses incurred by a voluntary or common-law assignee, which were beneficial to the estate, may be allowed as a preferred expenditure claim, and referee therefore erred in apportioning expenses of common-law assignee as between assenting and nonassenting creditors to deed of assignment.

In Bankruptcy. In the matter of Chester Cross Hall, trading as Hall's Stationery & Printing Shop, bankrupt. On petition for review on the referee's certificate. Order in accordance with opinion.

Graham, Matthews & Kraus, of New Castle, Pa., for trustee.

R. M. Jamison, of New Castle, Pa., and L. S. Levin, of Pittsburgh, Pa., for common-law assignee.

SCHOONMAKER, District Judge. [1] This bankruptcy case comes before the court on petition for review on the referee's certificate. We believe that this petition was prematurely filed, in view of the fact that the only order thus far made by the referee was an order allowing additional testimony to be taken. Considering, however, that the referee, at the time of making this order, also made certain findings of fact and conclusions of law, and had himself certified for review two material questions involved therein, i. e., (1) whether an assignee, under a common-law assignment, has a prior claim against nonassenting creditors; (2) whether sufficient proof was offered on the hearing as to a part of expenses, as claimed by the assignee as a preferred claim—we will take up and consider the first question certified. The second question, we believe, should not

be passed upon until the taking of further testimony by the referee.

The following facts may be stated as necessary to an understanding of the first question:

Prior to the adjudication, the bankrupt made a general assignment for the benefit of his creditors, and the assignee went into possession of, and operated, the business. This assignment is what might be termed a common-law assignment. Some of the creditors of the bankrupt assented to it; some did not. After the assignee, L. I. Macqueen, had been in possession for some time, bankruptcy intervened; and on the qualification of C. A. Martin, as trustee, he filed a petition with the referee, alleging that Macqueen, the common-law assignee, had collected $922.45 in the course of his conduct of the business of the bankrupt, and asking that he be required to turn over to the trustee that money, and all moneys he had collected. Macqueen, the common-law assignee, answered, admitting that he had collected $922.45, but denying that at the time of the adjudication in bankruptcy he had that sum in his hands, having expended $764.49 in the proper conduct of the business while it was in his hands as assignee, leaving the balance of $157.96 in his hands. Testimony on this petition and answer was taken before the referee, which led to the finding by the referee that part of the items expended by the assignee were preferred claims as against the creditors who had assented to the common-law assignment, but not as against the nonassenting creditors, and that therefore they should only be paid pro rata in proportion to the ratio which the total amount of the claims of assenting creditors bore to the total amount of proved claims against the estate. The referee then made an order granting additional time in which the common-law assignee might offer additional testimony as to the correctness of his claim for expenditures. That was the only order he made.

[2] We are of the opinion that the referee was in error on this first question presented for review, in holding that he could apportion the expenses of this common-law assignee as between assenting and nonassenting creditors to deed of assignment. He bases his conclusion upon the case of Galbraith v. Kline (D. C.) 7 F.(2d) 682, 6 Am. Bankr. Rep. (N. S.) 779. That was an action by a trustee in bankruptcy to recover from a common-law assignee the estate that was being administered by the common-law assignee. While he holds correctly, we think, that a common-law deed of assignment is not good as against dissenting creditors, it offers us no authority for apportioning in the bankruptcy distribution the claims of such assignee for administration expenses, as between the consenting and nonconsenting creditors in bankruptcy. The federal courts have repeatedly held that common-law assignees may be reimbursed out of the bankrupt's estate for expenses incurred in preserving the estate, and may even be allowed reasonable compensation for services.

[3] We may state the rule as follows: Services rendered and expense incurred by a voluntary assignee, which were actually beneficial to the estate, may be allowed as a preferred expenditure claim. In re Cabel Upholstering Co., Bankrupt (C. C. A.) 10 F.(2d) 502, 7 Am. Bankr. Rep. (N. S.) 560. We therefore conclude, in the instant case, that the common-law assignee, Macqueen, is entitled to retain such expenses incurred by him in the administration of the estate as are found under the facts of the case to be beneficial to the estate.

We return this case to the referee, with instructions to take such further testimony as may be necessary to ascertain the amount of Macqueen's expenses which are properly chargeable items beneficial to the estate of the bankrupt. An order may be made accordingly.